1    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
2       Including Professional Corporations
     JASON W. KEARNAGHAN, Cal. Bar No. 207707
3    jkearnaghan@sheppardmullin.com
     333 South Hope Street, 43rd Floor
4    Los Angeles, California  90071-1422
     Telephone:  213-620-1780
5    Facsimile:   213-620-1398

6    MATTHEW M. SONNE, Cal. Bar No. 239110
     msonne@sheppardmullin.com
7    650 Town Center Drive, 4th Floor
     Costa Mesa, California  92626-1993
8    Telephone:  714.513.5100
     Facsimile:   714.513.5130

9
     Attorneys for Defendants SWIFT
10   TRANSPORTATION COMPANY OF
     ARIZONA, LLC and SWIFT
11   TRANSPORTATION COMPANY

12

13                   UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15

16
     JAMES R. RUDSELL, on behalf of          Case No.   **EDCV12-00692 VAP (OPx)**
17   himself and all others similarly situated
                                             [San Bernardino Superior Court Case
18                   Plaintiffs,             No. CIVDS 1200255]

19          v.                               **NOTICE OF REMOVAL OF
                                             ACTION PURSUANT TO 28 U.S.C.**
20   SWIFT TRANSPORTATION               **§§ 28 U.S.C. SECTIONS 1332(d),**
     COMPANY OF ARIZONA, LLC, a         **1441, AND 1446**
21   DELAWARE Corporation, SWIFT
     TRANSPORTATION COMPANY as          **(CLASS ACTION FAIRNESS ACT)**
22   DOES 1; and DOES 1 through 50,
     inclusive,
23                                           [State Court Complaint Filed:  January
                     Defendants.             10. 2012]
24

25

26

27

28

1            TO THE CLERK OF THE UNITED STATES DISTRICT COURT

2 FOR THE CENTRAL DISTRICT OF CALIFORNIA:

3

4            PLEASE TAKE NOTICE that Defendants SWIFT

5 TRANSPORTATION COMPANY OF ARIZONA, LLC, a DELAWARE

6 Corporation and SWIFT TRANSPORTATION COMPANY (collectively,

7 "Defendants") hereby remove the matter of *James R. Rudsell, et al. v. Swift*

8 *Transportation Company of Arizona, LLC, et al.*, pending in the Superior Court of

9 the State of California in and for the County of San Bernardino, Case No.

10 CIVDS 1200255, to the United States District Court for the Central District of

11 California pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446.

12

13            Removal is based on the Class Action Fairness Act ("CAFA"), 28

14 U.S.C. Sections 1332(d), 1441(b) and 1446, on the following grounds:

15

16                          I.

17    **STATEMENT OF JURISDICTION UNDER THE CLASS ACTION**

18                      **FAIRNESS ACT**

19         1.      On February 18, 2005, the Class Action Fairness Act ("CAFA"

20 or the "Act") was enacted.  In relevant part, the CAFA grants federal district courts

21 original jurisdiction over civil class action lawsuits filed under federal or state law in

22 which any member of a class of plaintiffs is a citizen of a state different from any

23 defendant, and where the matter in controversy exceeds $5,000,000, exclusive of

24 interest and costs.

25

26         2.      This Court has jurisdiction over this case under the Class Action

27 Fairness Act, 28 U.S.C. section 1332(d), and this case may be removed pursuant to

28 the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein:

W02-WEST:3MMS1\404940530.2                              NOTICE OF REMOVAL OF ACTION

1    1) the proposed class contains at least 100 members; 2) the primary defendants are

2    not states, state officials or other governmental entities; 3) the total amount in

3    controversy for all class members exceeds $5,000,000 and; 4) there is diversity

4    between at least one class member and one defendant.

5

6         3.    The CAFA's minimal diversity requirement is satisfied when: 1)

7    at least one plaintiff is a citizen of a state in which none of the defendants are

8    citizens, 2) at least one plaintiff is a citizen of a foreign state and one defendant is a

9    U.S. citizen, or 3) at least one plaintiff is a U.S. citizen and one defendant is a

10   citizen of a foreign state. *See* 28 U.S.C. § 1332(d).

11

12        4.    As set forth below, this case meets all of CAFA's requirements

13   for removal and is timely and properly removed by the filing of this Notice.

14

15                                     II.

16                        **STATUS OF PLEADINGS**

17        5.    On or about January 10, 2012, Plaintiff filed an original

18   complaint in the Superior Court of the State of California in and for the County of

19   San Bernardino, *entitled James R. Rudsell v. Swift Transportation Company of*

20   *Arizona, LLC, a Delaware Corporation, Swift Transportation Company as DOES 1;*

21   *and DOES 1 through 50, inclusive, Defendants*, Case No. CIVDS 1200255.  On

22   March 27, 2012, Plaintiff filed a First Amended Complaint (the "FAC").  The FAC

23   is a purported class action.

24

25        6.    A copy of the FAC, Summons, and Civil Case Cover Sheet was

26   served on Swift Transportation Company of Arizona, LLC ("Swift") on April 4,

27   2012, and on Swift Transportation Company on April 6, 2012.  True and correct

28

-2-

copies of the Summons, Complaint, FAC, Civil Case Cover Sheet, and Proofs of Service are attached hereto, collectively, as Exhibit A.[1]

7.     Plaintiff asserts in his FAC that he was employed by Swift since approximately June 13, 2011.  FAC ¶ 11.

8.     Plaintiff's FAC asserts seven (7) causes of action: for (1) Failure to pay minimum wages; (2) Failure to provide meal periods or compensation in lieu thereof; (3) Failure to provide rest periods or compensation in lieu thereof; (4) Failure to timely pay wages; (5) Failure to provide accurate employee itemized wage statements; (5) Violations of the California Unfair Competition Laws; and (7) Claims under the Private Attorneys' General Act of 2004, Labor Code §§ 2698, *et seq.*

9.     Defendants filed their Answer to Plaintiff's FAC in Superior Court on May 2, 2012, a copy of which is attached hereto as Exhibit B.

10.     Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c), and 1391.

11.     All Defendants join in the removal.

---

[1]     Defendants ask the Court to take judicial notice of the exhibits attached to this Notice of Removal all of which are pleadings filed with or by other California courts.

W02-WEST:3MMS1\404940530.2                                    NOTICE OF REMOVAL OF ACTION

III.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT IS SATISFIED

12.     Pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA" or the "Act"), 28 U.S.C. section 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

13.     This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. section 1332(d), and this case may be removed by Defendants pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not the state, state official or other governmental entity; (3) the total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and one of the Defendants.  28 U.S.C. § 1332.

14.     Further, while there are a number of exceptions to this rule of original jurisdiction contained in 28 U.S.C. section 1332(d)(3)-(5), none of the exceptions are applicable here, as demonstrated hereafter.

A.     **Minimum Diversity Of Citizenship Exists Here**

15.     Plaintiff's FAC alleges that he is a resident of Hesperia, California and "has been employed by Defendants as a driver of SWIFT in the City of Fontana, County of San Bernardino, California and has been employed by SWIFT since approximately June 13, 2011...." FAC, ¶ 21.  Further, based on a

-4-

1  review of Plaintiff's personnel file, Swift is informed and believes that his last

2  known residence address is 14573 Sultana St., Hesperia, CA 92345.  Declaration of

3  Robin Rohwer ("Rohwer Decl.") ¶ 7.  Accordingly, Plaintiff is a citizen of

4  California for purposes of determining diversity.  *See* 28 U.S.C. § 1332(a)(1) (an

5  individual is a citizen of the state in which he or she is domiciled); *see also State*

6  *Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is

7  *prima facie* evidence of domicile for purposes of determining citizenship).

8

9      16.  For diversity purposes, a limited liability company is deemed to

10  be a citizen of the state of each of its members.  *See, e.g.. Cosgrove v. Bartolotta*,

11  150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*,

12  437 F.3d 894, 899 (9th Cir. 2006).  Swift's sole member is Swift Transportation,

13  LLC ("Swift Transportation").  In turn, Swift Transportation's sole member is Swift

14  Transportation Company ("Swift Co.").  Rohwer Decl. ¶ 4.

15

16      17.  As a corporation, Swift Co. is deemed to be a citizen of the state

17  in which it has been incorporated and the state where it has its principal place of

18  business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is the

19  state containing "'a substantial predominance of corporate operations.'"  *Tosco*

20  *Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001)

21  (quoting *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)).

22

23      18.  The U.S. Supreme Court has issued clarification on the definition

24  of a corporation's "principal place of business."  In *Hertz Corp. v. Friend*, 130 S.Ct.

25  1181, 1192 (2010), the Supreme Court concluded that that "'principal place of

26  business' is best read as referring to the place where a corporation's officers direct,

27  control, and coordinate the corporation's activities."  The Supreme Court further

28  clarified that, "in practice" the principle place of business "should normally be the

-5-

place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp.*, 130 S.Ct. at 1192.

19.     Under the foregoing standard, the facts here clearly establish that Swift Co. is a citizen of Arizona and Delaware for purposes of removal. Swift Co. was incorporated in the State of Delaware and maintains its corporate headquarters in Phoenix, Arizona. Rohwer Decl. ¶¶ 5-6. Phoenix, Arizona is where the vast majority of the Swift Co.'s corporate and executive officers are employed. *Id.* at ¶¶ 5-6. The vast majority of Swift Co.'s administrative functions (including that of legal, payroll, human resources, marketing, operations and planning), are conducted in Phoenix, Arizona. *Id.* And Phoenix, Arizona is also where the actual center of direction, control and coordination for Swift Co. takes place.[2] *Id.* Accordingly, Swift Co.'s principal place of business is in Arizona. *Id.*; *see also* 28 U.S.C. § 1332(c)(1); *Tosco Corp*, 236 F.3d at 500.

20.     Likewise, the facts establish that Swift and Swift Transportation's principal places of business are located in Arizona as well. As with Swift Co., Swift and Transportation maintain their corporate headquarters in Phoenix, Arizona. Rohwer Decl. ¶¶ 5-6. The administrative functions crucial to Swift's and Swift Transportation's day-to-day operations, including their payroll and human resources functions, are conducted in their Phoenix headquarters, and most

---

[2]     This is well established by the facts that: corporate headquarters is the actual center of direction, control and coordination of all major human resources, payroll, legal and administrative functions; the respective officers for these departments work in Phoenix, Arizona and are responsible for developing policies and protocols for Swift Co.; and Swift Co.'s Board of Directors meets in Phoenix, Arizona. Rohwer Decl. at ¶¶ 5-6. Nonetheless, it bears noting that Swift Co. does not employ nor has it ever employed the putative class members. Rohwer Decl. at ¶ 4.

W02-WEST:3MMS1\404940530.2                                                    NOTICE OF REMOVAL OF ACTION

1 corporate records are kept there as well. *Id.* The corporate headquarters for each

2 entity is the actual center of direction, control and coordination of all major human

3 resources, payroll, legal and administrative functions. *Id..* The respective heads for

4 these departments for both entities work in Phoenix, Arizona and are responsible for

5 developing policies and protocols for Swift and Swift Transportation. *Id.* at ¶ 6.

6 Moreover, their Boards of Directors meet in Phoenix, Arizona. *Id.* Lastly, their

7 executives work in Phoenix, Arizona. *Id.* Accordingly, Swift's and Swift

8 Transportation's principal places of business are also in Arizona. *Id.* at ¶¶ 5-6.

9

10       21.    In accordance with the foregoing, Plaintiff is a citizen of the

11 State of California, while Swift and Swift Transportation are citizens of the States of

12 Arizona and Delaware (which is the principal place of business and state of

13 incorporation, respectively, for Swift Co.). Thus, the minimum diversity

14 requirement under CAFA is satisfied.

15

16 **B.**     **The Amount In Controversy Exceeds The $5,000,000 Requirement**

17        **Under The CAFA**

18

19       22.    Without making an admission of liability or damages with

20 respect to any aspect of this case or to the proper legal test(s) applicable to

21 Plaintiff's allegations, Swift represents that the amount placed in controversy by

22 Plaintiff's claims exceeds the jurisdictional minimum of this Court. *Sanchez v.*

23 *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm*

24 *Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

25

26       23.    Defendants are not obliged to "research, state, and prove the

27 plaintiff's claims for damages." *McCraw v. Lyons,* 863 F. Supp. 430, 434 (W.D.

28 Ky. 1994). Defendants can establish the amount in controversy by the allegations in

-7-

the complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). In addition to the contents of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

24.     In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for Plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's complaint, not what Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

25.     Swift provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the minimum jurisdictional amount in controversy under the CAFA. Swift makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims. Nor does Swift waive its right to ultimately

1   contest the proper amount of damages due, if any, should Plaintiff prevail with

2   respect to any of his claims.

3

4        26.    This action has been styled as an action pursuant to California

5   Code of Civil Procedure section 382.  FAC ¶¶ 27-31.  California Code of Civil

6   Procedure section 382 is a state statute authorizing an action to be brought by one or

7   more representative persons as a class action.  Plaintiff brings this action on behalf

8   of himself and "all of Defendant's California based drivers who are employed by

9   Defendants in the State of California during the relevant time period who have

10  performed work within California within four (4) years prior to the filing of the

11  complaint in this action until resolution of this lawsuit."  FAC ¶ 28.

12

13       27.    The Act authorizes the removal of class actions in which, among

14  the other factors mentioned above, *the aggregate* amount in controversy for all class

15  members exceeds five million dollars ($5,000,000.00).  *See* 28 U.S.C. § 1332(d).

16  The allegations in Plaintiff's FAC and the claimed penalties greatly exceed the

17  jurisdictional minimum.  By demonstrating that the actual amount in controversy

18  exceeds the threshold, Defendants do not concede the validity of Plaintiff's claims,

19  the legal bases for the damages calculations, or the likelihood that Plaintiff will

20  recover anything.

21

22       28.    Swift provides the following calculations only to demonstrate

23  that the amount in controversy in this case easily exceeds the amount in controversy

24  requirement of the Act.  Defendants make no admission of any liability or damages

25  with respect to any aspect of this case, nor do they endorse or concede that the

26  proffered methodology for such calculations passes muster.

27

28

W02-WEST:3MMS1\404940530.2                                                 NOTICE OF REMOVAL OF ACTION

29.     The statutes of limitation on the various claims asserted in the FAC are up to four years. Business & Profession Code § 17208; *Deutsch v. Turner Corp*. 324 F 3d 692, 2003 US App LEXIS 3942 (2002), 192 ALR Fed 657; *Cazares v. Household Fin. Corp*. 2005 US Dist LEXIS 39222 (2005).

30.     During the period encompassed by the FAC (January 10, 2008 to present date), Swift employed over 7,639 individuals in the position of employee driver in California.  Rohwer Decl. ¶ 13.  Thus, because Plaintiff seeks to represent a class of all such persons within four years of filing of this action, Plaintiff purports to sue on behalf of over 7,639 persons.

31.     The average hourly rate for employee Drivers employed by Swift in California throughout the period encompassed by the FAC (January 10, 2008 to current date) is approximately $14.96.  Rohwer Decl. ¶ 11.

32.     Plaintiff's First Cause of Action alleges that Defendants failed to pay putative class members the state-mandated minimum wage.  FAC ¶¶ 39-46.  Plaintiff also seeks liquidated damages pursuant to Labor Code § 1194.2, including interest thereon.  Estimating conservatively, putative class members worked approximately 312 days per year.  Rohwer Decl. ¶ 10.  Because Plaintiff also asserts a claim under Business and Professions Code section 17200, the statute of limitations for the overtime claims increases from three years to four years.  FAC ¶¶ 65-73.  More than 7,639 class members have worked for the company over the last four years (since January 10, 2008).  Assuming conservatively, that each class member who worked for the four year period was not paid four hours per day at a minimum wage rate of $8.00 per hour, the amount in controversy on these causes of action is $76,257,792 (312 days multiplied by $8.00, multiplied by 4 hours, multiplied by 7,638 class members).  In addition, Plaintiff seeks liquidated damages

-10-

1   and interest pursuant to Labor Code Section 1194.2(a).  Section 1194.2(a) grants

2   liquidated damages in the amount equal to the wages allegedly unpaid in addition to

3   10% interest.  Thus, class members place $83,883,571 ($76,257,792 multiplied by

4   10% = $7,625,779 + $76,257,792) in controversy based on this putative class action

5   claim alone.

6

7          33.    Among other claims, Plaintiff has pled causes of action for

8   failure to provide meal and rest breaks.  FAC ¶¶ 47-55.  The average hourly rate for

9   all class members is $14.96.  Rohwer Decl. ¶ 11.  California Labor Code section

10  226.7 provides that if an employer fails to provide meal and or rest breaks, "the

11  employer shall pay the employee one additional hour of pay at the employee's

12  regular rate of compensation for each work day that the meal or rest period is not

13  provided." Cal. Labor Code § 226.7.  Assuming for the sake of argument only, that

14  Plaintiff can indeed prove that he, and the class he purports to represent, were never

15  provided meal or rest periods, the liability as to such claims would exceed the

16  jurisdictional minimum under CAFA (average hourly rate of $14.96 multiplied by

17  two for a daily missed meal and rest break, multiplied by 312 average work days per

18  year, multiplied by 7,639 drivers, multiplied by four year statute of limitations)[3] =

19  $285,241,482.

20

21         34.    Furthermore, Plaintiff's Fourth Cause of Action asserts a cause of

22  action for failure to comply with itemized employee wage statements pursuant to

23  Labor Code section 226.  Section 226(e) provides for damages for this alleged

24  failure as follows:

25

[3]       In *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1099 (2007),
26  the California Supreme Court held that such claims for wages are subject to a
    three year statute of limitations.  However, claims under Business &
27  Professions code section 17200 *et seq.* are subject to a four year limitations
    period.  Business and Professions Code § 17208.
28

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

35.     Assuming, for the purposes of removal only, that Plaintiff's allegation that the wage statements of each driver were deficient to be true, and the Court were to accept a claim by Plaintiff that the maximum penalty of $4,000 should be awarded to each putative class member, the amount in controversy for such penalties would be $30,556,000. (7,639 x $4,000 = $30,556,000.) This potential recovery under Section 226 further serves to demonstrate that the amount in controversy in this case exceeds the minimum jurisdictional amount, permitting removal of this action.

36.     Plaintiff's Seventh Cause of Action alleges that Plaintiff is entitled to penalties pursuant to the PAGA on behalf of all other "aggrieved employees" predicated upon the foregoing causes of action.  Generally, the PAGA provides a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.  Labor Code § 2698(f)(2).  Going back one year in time, the amount in controversy pertaining to the PAGA claims alone is $158,891,200.  ((1)  Unpaid Minimum Wage: $39,722,800 (52 pay periods x $100 x 7,639 class members); (2)  Meal and Rest Periods:  $39,722,800 (52 pay periods x $100 x 7,639 class members); (3) Itemized Wage Statements:  $39,722,800 (52 pay periods x $100 x 7,639 class members); (4) Waiting Time Penalties:  $39,722,800 (52 pay periods x $100 x 7,639 class members).)

-12-

37.     Plaintiff's claims for attorneys' fees must also be considered in determining whether the jurisdictional limit is met.  FAC, Prayer at pp. 18-20.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees recoverable by statute or contract are properly included in the amount in controversy.)  In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be twenty-five to forty percent of the settlement and, thus, in excess of $1,000,000.[4]

38.     In addition to the claims outlined above, Plaintiff also claims penalties pursuant to Labor Code § 203 in the amount of 30 days' pay for each driver who is no longer employed by Swift.  FAC ¶¶ 61-64.  Of the putative class, approximately 5,886 are former employees.  Rohwer Decl. ¶ 13.  Assuming an eight hour work day, the amount of such damages could be approximately $21,133,094. (8 hours per day, multiplied by the average hourly rate of $14.96, multiplied by the number of former employee drivers, 5,886, multiplied by 30 days).

39.     As set forth above, it appears to a legal certainty that the amount sought in the FAC is substantially greater than the jurisdictional amount of $5,000,000 required by the Act.  The amount in controversy requirement for CAFA is, therefore, met based on Plaintiff's pleaded facts and claims.

---

[4]     See *Abasi v. HCA, the Healthcare Co. Inc.*, C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest break periods; attorney's fee award totaling over $1.2 million); *Butler et. al. v. Countrywide Financial Corp.*, Los Angeles County Superior Court Case No. BC 268250 (April 2005) (preliminary approval given for $30 million settlement for alleged misclassification of approximately 400 account executives; attorney's fees award estimated at 25% or $7.5 million); see also *Bell v. Farmers Insurance Exchange* (2004) 115 Cal.App.4th 715 (case went to trial as a class action in July 2001, resulting in a $90 million jury award for overtime pay, virtually all of which was upheld on appeal. Class consisted of approximately 9,400 insurance claims adjusters.  The court awarded attorney's fees totaling approximately $9.4 million.)

-13-

C. **No CAFA Exceptions Apply**

40.    CAFA contains a number of exceptions to its grant of original jurisdiction, contained in 28 U.S.C. §§ 1332(d)(3)-(5). However, none of these exceptions are applicable here.

41.    The first is a discretionary exception based on the number of putative class members found in the state where the action was filed. *See* 28 U.S.C. § 1332(d)(3). However, the exception only applies where the "primary defendants are citizens of the State in which the action was originally filed." Here, the action was originally filed in California and, as noted above, Defendants in this action are not citizens of California. Thus, this exception does not apply.

42.    Similarly, 28 U.S.C. § 1332(d)(4) contains two further exceptions to CAFA's grant of jurisdiction, based on the number of putative class members in the state in which the action was filed.  However, this exception, too, only applies where all primary defendants, or at least one defendant, is a "citizen of the State in which the action was originally filed." *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II) and 1332(d)(4)(B).  Given that this action was originally filed in California, and Defendants are not California citizens, these exceptions also do not apply.

43.    Finally, 28 U.S.C. § 1332(d)(5) presents two additional exceptions for Defendants who are government entities, or putative classes which number less than 100 in the aggregate. *See* 28 U.S.C. §§ 1332(d)(5)(A)-(B). Given that Defendants are not governmental entitys, and the proposed class numbers are in the thousands, these exceptions also do not apply.

## IV.

## **TIMELINESS OF REMOVAL**

44.     This Notice of Removal is timely in that it has been filed within thirty (30) days of service of the FAC on Defendants on April 4, 2012 and April 6, 2012, respectively.  The initial Complaint was never served on Defendants.


## V.

## **NOTICE TO PLAINTIFF**

45.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiffs counsel of record, at James  R. Hawkins, APLC, 9880 Research Drive, Suite 200, Irvine, California, 92618.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of San Bernardino, California.


WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the Superior Court for the County of San Bernardino to this Court.


Dated:  May 3, 2012

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____
                    MATTHEW M. SONNE

Attorneys For Defendants
SWIFT TRANSPORTATION COMPANY OF
ARIZONA, LLC, and SWIFT
TRANSPORTATION COMPANY

-15-

# EXHIBIT "A"

# **EXHIBIT "A"**

1   JAMES R. HAWKINS, APLC
    James R. Hawkins, Esq. SBN 192925
2   Gregory E. Mauro, Esq. SBN 222239
    9880 Research Drive, Suite 200
3   Irvine, CA 92618
    TEL:  (949) 387-7200
4   FAX:  (949) 387-6676

5

6   Attorneys for Plaintiff, JAMES R. RUDSELL, on behalf of
    himself and all others similarly situated

7

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF SAN BERNARDINO

11

12  JAMES R. RUDSELL, on behalf of          CASE NO.: CIVDS 1200255
    himself and all others similarly situated   Dept.: S35

13                                           FIRST AMENDED CLASS ACTION
14      Plaintiffs,                          COMPLAINT PURSUANT AND
                                             REPRESENTATIVE ACTION FOR:
15  vs.
                                             1)  Failure to Pay Minimum Wages;
16                                           2)  Failure to Provide Meal Periods or
    SWIFT TRANSPORTATION                         Compensation in Lieu Thereof;
17  COMPANY OF ARIZONA, LLC, a              3)  Failure to Provide Rest Periods or
    DELAWARE Corporation, SWIFT                 Compensation in Lieu Thereof;
18  TRANSPORTATION COMPANY as DOES 1;       4)  Failure to Timely Pay Wages;
    and DOES 1 through 50, inclusive,       5)  Failure to Provide Accurate Employee
19                                               Itemized Wage Statements;
20      Defendants.                          6)  Violations of the California Unfair
                                                 Competition Laws; and
21                                           7)  Private Attorneys' General Act of
                                                 2004, Labor Code § 2698, et. seq.
22

23                                           JURY TRIAL DEMANDED

24

25

26

27

28

                                    - 1 -

                    FIRST AMENDED CLASS ACTION COMPLAINT

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

MAR 2 8 2012

BY _____
        EBONY SHAW, DEPUTY

BY FAX

1    Plaintiff, JAMES R. RUDSELL, on behalf of himself and all others similarly situated,

2    complain of Defendants, and each of them, and for causes of action alleges:

3                                               I.

4                                    **INTRODUCTION**

5        1.   This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of

6    Plaintiff and all California non-exempt truck driver employees employed by SWIFT

7    TRANSPORTATION COMPANY OF ARIZONA, LLC, SWIFT TRANSPORTATION

8    COMPANY as DOES 1, and any subsidiaries or affiliated companies (hereinafter "SWIFT" or

9    "Defendants"), within the State of California.

10       2.   For at least four years prior to the filing of this action and through to the present

11   ("liability period"), Defendants consistently maintained and enforced against SWIFT Non-

12   Exempt Truck Drivers, among others, the following unlawful practices and policies, in violation

13   of California state wage and hour laws: a) failing to pay minimum wages; b); failing to provide

14   meal and rest periods and c) failing to provide accurate itemized wage statements.

15       3.   During the statutory liability period and continuing to the present (rest and meal

16   period liability period), Defendants have had a consistent policy of failing to provide SWIFT

17   Non-Exempt Truck Drivers within the State of California, and while performing work within

18   California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or

19   major fraction thereof and failing to pay such employees one (1) hour of pay at the employees

20   regular rate of compensation for each workday that the rest period is not provided, as required by

21   California state wage and hour laws.

22       4.   During the statutory liability period and continuing to the present (rest and meal

23   period liability period), Defendants have had a consistent policy of requiring SWIFT Non-

24   Exempt Truck Drivers within the State of California, while performing work within California,

25   including Plaintiff, to work at least five (5) hours without a meal period and/or work in excess of

26   ten hours per day without being provided a second meal period, and failing to pay such

27   employees a one (1) hour wage at the employees regular rate of compensation for each

28

-2-

FIRST AMENDED CLASS ACTION COMPLAINT

workday that the meal period is not provided, as required by California state wage and hour laws.

5.   Plaintiff on behalf of himself and all Class Members brings this action pursuant to Labor Code sections 201, 202, 204, 218.6, 226, 226.7, 512, 558, 1194, 1197, 2698, et. seq., Industrial Wage Order 9, and Cal Code Regs. Title 8, § 11090, seeking unpaid minimum wages, unpaid rest and meal period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

6.   Plaintiff, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief and restitution of all benefits Defendants enjoyed from their failure to pay all minimum wages and rest and meal period premiums.

## II.

## JURISDICTION AND VENUE

7.   This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not give jurisdiction to any other court.  Venue as to each Defendant is proper in this judicial district pursuant to Code of Civil Procedure section 395.  On information and belief, Defendants operate SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC ( hereinafter SWIFT), a Delaware Corporation, doing business in the City of Fontana, County of San Bernardino and each Defendant is within the jurisdiction of this Court for service of process purposes.

8.   The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within San Bernardino County.  On information and belief, Defendants employ numerous Class Members throughout California. All of the claims Plaintiff asserts for himself and for the Class he seeks to represent relate exclusively to hours of work performed solely within the State of California.  None of the claims Plaintiff asserts for himself or for the Class he seeks to represent relate to hours of work performed outside

- 3 -

FIRST AMENDED CLASS ACTION COMPLAINT

of the State of California.

9.   The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the Classes herein are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court inclusive of damages including penalties, and the aggregate claim, including attorneys' fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code, and B&PC.

10.   This Court has jurisdiction over Defendants because, upon information and belief, each Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

### III.

### PARTIES

11.   Plaintiff JAMES R. RUDSELL is a resident of Hesperia, California. At all relevant times herein, he has been employed by Defendants as a driver of SWIFT in the City of Fontana, County of San Bernardino, California and has been employed by SWIFT since approximately June 13, 2011, in a non-exempt capacity during the liability periods.

12.   On information and belief, SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, engaged in the ownership and operation of a trucking and logistics company in San Bernardino County and throughout California. Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, Defendants are organized and existing under the laws of California, and were at all times mentioned herein licensed and qualified to do business in California. On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to transact business throughout California.

- 4 -

FIRST AMENDED CLASS ACTION COMPLAINT

13.     Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

14.     The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names.   Plaintiff is informed and believes, and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

15.     Plaintiff is informed and believes, and based thereon alleges, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## III.

## FACTUAL BACKGROUND

16.     Defendants operate and, at all times during the liability period, have conducted business in the City of Fontana, County of San Bernardino and elsewhere within California as a trucking and logistics business.  At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of truck drivers or equivalent positions with similar job duties, however titled, throughout the state of California.

17.     Defendants employed Plaintiff as a truck driver between June 13, 2011 to the present.  In that capacity, Plaintiff's duties included driving to client locations making pick-ups and deliveries.

18.     Defendants continue to employ truck drivers, or individuals in equivalent

- 5 -

FIRST AMENDED CLASS ACTION COMPLAINT

positions with similar job duties, however titled, throughout the state of California.

19. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

20. During the relevant time frame, Defendants compensated Plaintiff and Class Members based solely on piece rate (cents per mile) that did not always equate to minimum wage for all hours worked.

21. During the relevant time period, Plaintiff and Class Members were required to attend three days of orientation all without payment of minimum wages as required under California law.

22. During the relevant time period, Plaintiff and Class Members were regularly required to work without being minimum wage waiting for loads and unloads, all without payment of minimum wage, as required by California law.

23. During the relevant time frame, wages earned were paid weekly, but not within seven (7) days of the pay period end date.

24. During the relevant time frame, Plaintiff and Class Members were systematically denied meal periods and rest breaks due to the demands of Defendants and Defendants' clients. Nevertheless, Defendants never paid Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as required by California law where meal periods and rest breaks were not provided. Defendants failed to track hours worked or meal period start/end times in violation of the applicable wage order.

25. Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive minimum wages for all worked and premium wages under Labor Code §226.7 but were not receiving such compensation.

26. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members

- 6 -

FIRST AMENDED CLASS ACTION COMPLAINT

1   minimum wages, and that Defendants had the financial ability to pay such compensation, but

2   willfully, knowingly, recklessly, and/or intentionally failed to do so, and falsely represented to

3   Plaintiff and Class Members that they were properly denied wages, all in order to increase

4   Defendants' profits.

5                          **IV.**

6                 **CLASS ACTION ALLEGATIONS**

7      27.    Plaintiff brings this action on behalf of himself and all others similarly situated as

8   a class action and thus, seeks class certification under California Code of Civil Procedure §382.

9      28.    Plaintiff seeks to represent a Class composed of and defined as follows:

10

11        (a) All of Defendant's California based drivers who are employed or have

12        been employed by Defendants in the State of California during the
           relevant time period who have performed work within California within

13        four (4) years prior to the filing of the complaint in this action until
           resolution of this lawsuit (hereinafter collectively referred to as the

14        "Class" or "Class Members").

15

16      29.    Plaintiff also seeks to represent Subclasses composed of and defined as follows:

17        (a) All of Defendant's California based drivers who are employed
           or have been employed by Defendants in the State of California

18        during the relevant time period who, have not been minimum wage
           for all hours worked within California during the liability period.

19

20        (b) All of Defendant's California based drivers who are employed
           or have been employed by Defendants in the State of California

21        during the relevant time period who, while performing work within
           California, have not been provided a rest period for every four

22        hours or major fraction thereof worked per day and were not
           provided a premium wage in lieu thereof.

23

24        (c) All of Defendant's California based drivers who are employed
           or have been employed by Defendants in the State of California

25        during the relevant time period who, while performing work within
           California, have not been provided a meal period for every five

26        and/or ten hours worked per day and were not provided a premium
           wage in lieu thereof.

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1

       (d) All of Defendant's California based drivers who are employed or have been employed by Defendants in the State of California during the relevant time period who were not timely paid wages in accordance with the timing requirements of Labor Code §204.

2

3

4

    30.   Plaintiff reserves the right to amend or modify the class description with greater

5

specificity or further division into subclasses or limitation to particular issues.

6

    31.   This action has been brought and may properly be maintained as a class action

7

under the provisions of section 382 of the Code of Civil Procedure because there are questions of

8

law or fact common to class members that predominate over any questions affecting only

9

individual members, and that a class action is superior to other available methods.

10

   **A. Numerosity**

11

    32.   The potential members of the Class as defined are so numerous that

12

joinder of all the members of the Class is impracticable. While the precise number of Class

13

Members has not been determined at this time, Plaintiff is informed and believes that Defendants

14

currently employ, and during the relevant time periods employed, as many as several hundred

15

employees, many within the State of California, in positions as SWIFT Non-Exempt drivers in

16

San Bernardino County and disbursed throughout California during the liability period and who

17

are or have been affected by Defendants' unlawful practices as alleged herein.

18

    33.   Accounting for employee turnover during the relevant periods necessarily

19

increases this number substantially.  Upon information and belief, Plaintiff alleges Defendants'

20

employment records would provide information as to the number and location of all Class

21

Members. Joinder of all members of the proposed Class is not practicable.

22

   **B. Commonality**

23

    34.   There are questions of law and fact common to the Class and Subclasses

24

predominating over any questions affecting only individual Class Members. These common

25

questions of law and fact include, without limitation:

26

    i.     Whether Defendants failed to pay minimum wage compensation to Plaintiff and

27

          Class Members for all hours worked;

28

- 8 -

FIRST AMENDED CLASS ACTION COMPLAINT

ii.      Whether Defendants violated Labor Code sections 226.7, 512, Wage Order 9-
2001, or other applicable IWC Wage Orders, and Cal. Code Regs. Title 8, § 11090, by
failing to provide daily rest periods to Non-Exempt drivers for every four hours or major
fraction thereof worked and failing to compensate said employees one hours wages in
lieu of rest periods;

iii.      Whether Defendants violated Labor Code sections 226.7, 512 and IWC Wage
Order 9-2001 or other applicable IWC Wage Orders, and Cal Code Regs. Title 8,
§ 11090 by failing to provide a meal period to Non-Exempt truck drivers on days they
worked work periods in excess of five hours and failing to compensate said employees
one hour wages in lieu of meal periods;

iv.      Whether Defendants violated sections 204 of the Labor Code by failing to pay
wages in accordance with the timing requirements.

v.      Whether Defendants violated section 17200 *et seq.* of the Business and
Professions Code by failing to pay minimum wages, failing to provide rest and meal
periods without compensating non-exempt employees one hour pay for every day such
periods were not provided;

vi.      Whether Defendants violated Business and Professions Code and Labor
Code sections 201, 202, 204, 218.6, 226, 226.7, 512, 558, 1194, 1197, 2698, et. seq.,
and applicable IWC Wage Orders which violation constitutes a violation of fundamental
public policy;

vii.      Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable
relief pursuant to Business and Professions Code section 17200, et. seq.;

viii.      Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in
the form of back wages, penalties and interest for failure to pay minimum wages pursuant
to Labor Code sections 1194 and 1197;

ix.      Whether Plaintiff and Members of the Plaintiff Class are entitled to penalties
pursuant to Labor Code section 226 et. seq. for failing to provide accurate itemized wage
statements; and

- 9 -

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT A
- 25 -

x.      Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief

pursuant to Labor Code §2698, et. seq. in the form of penalties for failure to pay

minimum wages, provide meal and rest periods, pay wages due and owing upon

separation and providing accurate itemized wage statements.

C. Typicality

35.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff

and all members of the Class sustained injuries and damages arising out of and caused by

Defendants' common course of conduct in violation of California laws, regulations, and statutes

as alleged herein.

D. Adequacy of Representation

36.    Plaintiff will fairly and adequately represent and protect the interests

of the members of the Class.  Counsel who represents Plaintiff is competent and experienced in

litigating large employment class actions.

E. Superiority of Class Action

37.    A class action is superior to other available means for the fair and efficient

adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

questions of law and fact common to the Class predominate over any questions affecting only

individual members of the Class.  Each member of the Class has been damaged and is entitled to

recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class

Members for all wages earned, engaging in the unlawful practices herein complained of,

and denying Class Members rest and meal periods without legal compensation.

38.    Class action treatment will allow those similarly situated persons to litigate their

claims in the manner that is most efficient and economical for the parties and the judicial system.

Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

action that would preclude its maintenance as a class action.

- 10 -

FIRST AMENDED CLASS ACTION COMPLAINT

## V.

### CAUSES OF ACTION

#### First Cause of Action

*Failure to Pay Minimum Wage*

(Lab. Code, §§ 1194, 1197, IWC Wage Order 9)

(Against All Defendants)

39.    Plaintiff incorporates paragraphs 1 through 38 as though fully set forth herein.

40.    On information and belief and based on that information and belief, Defendant compensated its non-exempt employees on a piece rate basis, i.e. per mile.

41.    On information and belief, Defendants failed to pay its non-exempt employees minimum wage for hours worked when it required Plaintiff and Members of the Class, under the control of Defendants, to wait for the loading and unloading of cargo or goods from or into their trucks, otherwise known as detention time.

42.    On information and belief, Defendants required Plaintiff and Members of the Class to attend mandatory orientation without pay of minimum wage.

43.    On information and belief, this controlled time was not compensated time.

44.    On information and belief, Defendants willfully violated the provisions of the Labor Code, among others, §§1194, 1197 and IWC Wage Order 9.

45.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of minimum wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and statutory penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 558, 1194, 1197 and IWC Wage Order 9.

46.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

- 11 -

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT A

<u>**Second Cause of Action**</u>

*Failure to Provide Meal Periods or*

*Compensation in Lieu Thereof*

(Lab. Code, §§226.7, 512, IWC Wage Order 9)

<u>(Against all Defendants)</u>

47.    Plaintiff incorporates paragraphs 1 through 46 as though fully set forth herein.

48.    Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

49.    Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period.  Plaintiff and Class Members did not consent in writing to an "on duty" meal period.  Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff and Class Members are prevented from being relieved of all duties.  Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with meal periods and were not relieved of all duties during any meal periods Plaintiff and Class Members did take.

50.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, in their roles as Non-Exempt drivers, or equivalent positions with similar job duties, however titled, first and sometimes second meal breaks of not

- 12 -

FIRST AMENDED CLASS ACTION COMPLAINT

less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants. In addition, Defendants failed to record meal periods for Plaintiff and Class Members in accordance with the applicable IWC wage order. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

51. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided.

### Third Cause of Action

*Failure to Provide Rest Periods or*

*Compensation in Lieu Thereof*

(Lab. Code, §§226.7, 512, IWC Wage Order 9)

(Against all Defendants)

52. Plaintiff incorporates paragraphs 1 through 51 as though fully set forth herein.

53. Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.... [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC. Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members, in their roles as Non-Exempt Drivers, or equivalent positions with similar job duties, however titled, to take ten (10)

- 13 -

FIRST AMENDED CLASS ACTION COMPLAINT

minute rest periods for every four (4) hours worked, or major fraction thereof.

54.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §226.7.  As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

55.    Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

### Fourth Cause of Action

*Knowing and Intentional Failure to Comply With Itemized Employee*

*Wage Statement Provisions*

(Lab. Code §§226(b), 1174, 1175)

(Against All Defendants)

56.    Plaintiff incorporates paragraphs 1 through 55 as though fully set forth herein.

57.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed class. On information and belief, Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiff and members of the proposed class.

58.    IWC Wage Order 9 requires Defendant to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the members of the proposed class.  On information and belief, Defendants have failed to record all or some of the items delineated in Wage Order 9 and 226.

59.    Pursuant Labor Code §226, Plaintiff and Class Members are entitled up to a

- 14 -

FIRST AMENDED CLASS ACTION COMPLAINT

maximum of $4,000.00 each for record-keeping violations.

60.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein below.

### Fifth Cause of Action

*Waiting Time Subclass*

(Bus. & Prof. Code, § 201-202, 204)

(Against All Defendants)

61.    Plaintiff incorporates paragraphs 1 through 60 as though fully set forth herein.

62.    California Labor Code §204 requires that wages earned be paid within certain timeframes, including:

Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. ....(d) The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

63.    During the relevant time frame, Defendants failed to pay Plaintiff and Class Members in accordance with the requirements of Labor Code §204 by issuing wage payments less frequently than seven days after the pay period end.

64.    As a result, Defendants are liable to Plaintiff and members of the Waiting Time Subclass for waiting time penalties pursuant to Labor Code §2698, et. seq., in an amount according to proof at the time of trial.

### Sixth Cause of Action

*Violation of Unfair Competition Law*

(Bus. & Prof. Code, § 17200, et seq.)

(Against All Defendants)

65.    Plaintiff incorporates paragraphs 1 through 64 as though fully set forth herein.

66.    On information and belief, by their policy of:

- 15 -

FIRST AMENDED CLASS ACTION COMPLAINT

i.     failing to provide daily rest periods to Non-Exempt Drivers for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

ii.     failing to pay minimum wages;

iii.     failing to provide a meal period to Non-Exempt Drivers on days they worked work periods in excess of five hours, and/or work in excess of ten hours per day without being provided a second meal period, or compensation in lieu thereof; and

iv.     failing to timely pay wages;

Defendants engaged in unlawful activity prohibited by Business and Professions Code §17200 et seq.

67.    The actions of Defendants as alleged within this Complaint, constitute false, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code section 17200, et. seq.

68.    Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

69.    As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff, and the Class Members. Defendants should be enjoined from this activity. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the Plaintiff Class are prejudiced by Defendants' unfair trade practices.

70.    As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief.

71.    The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to require

- 16 -

FIRST AMENDED CLASS ACTION COMPLAINT

1    employees to work during meal periods, will continue to fail to provide rest periods or provide

2    appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying

3    appropriate taxes, insurance, and unemployment withholdings.

4        72.    Plaintiff further requests that the court issue a preliminary and permanent

5    injunction prohibiting Defendants from requiring Plaintiff and the Class he seeks to represent to

6    reimburse Defendants for the allegations contained herein and which may later be discovered in

7    the course of litigation.

8        73.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

9    described herein and below.

10                            **Seventh Cause of Action**

11                        *Private Attorneys General Act of 2004*

12                            (Labor Code §2698,et seq.)

13                            (Against All Defendants)

14       74.    Plaintiffs incorporate paragraphs 1 through 73 as though fully set forth herein.

15       75.    On or about January 12, 2012, Plaintiff filed his notice requirements pursuant to

16   Labor Code section 2699.3.  On or about February 6, 2012, the LWDA sent notice that they did

17   not intend to investigate the alleged violations.  Attached hereto as Exhibit 1 is the Notice from

18   the LWDA.

19       76.    On information and belief and based thereon, by their policy of:

20       a.     failing to pay employees at least minimum wages for all hours worked;

21       b.     requiring employees to work four (4) hours or major fraction thereof without

22              providing a minimum of one (1) ten-minute (10-minute) rest period and not

23              compensate employees with one (1) hour of pay at the employees' regular rate of

24              compensation for each workday that a rest period was not provided; and

25       c.     requiring employees to work in excess of five (5) hours per day without providing

26              a meal period and in excess of ten (10) hours per day without providing a second

27              meal period and not compensate employees with one (1) hour of pay at the

28

                                   - 17 -

                    FIRST AMENDED CLASS ACTION COMPLAINT

1          regular rate of compensation for each workday that a meal period was not

2          provided;

3      d.    failing to provide accurate itemized wage statements;

4  Defendants engaged in unlawful activity prohibited by inter alia,  Labor Code section 2698 et

5  seq., 201, 202, 204, 218.6, 226, 226.7, 512, 558, 1194, and 1197, which violation constitutes a

6  violation of fundamental public policy.

7       77.   As a result of their unlawful acts, Plaintiff is entitled to civil penalties pursuant to

8  Labor Code Private Attorneys General Act of 2004, Labor Code §2698 et. seq..

9       78.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

10  described herein and below.

11                    **PRAYER FOR RELIEF**

12     WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

13                  <u>Class Certification</u>

14    1.    That this action be certified as a class action;

15    2.    That Plaintiff be appointed as the representative of the Class;

16    3.    That Plaintiff be appointed as the representative of the Subclasses; and

17    4.    That counsel for Plaintiff be appointed as counsel for the Class and Subclass.

18               <u>On the First Cause of Action</u>

19    1.    For compensatory damages in an amount equal to the amount of unpaid minimum

20  wage compensation owed to Plaintiff and Class Members;

21    2.    For pre-judgment interest on any unpaid minimum wage compensation due from

22  the day that such amounts were due;

23    3.    For liquidated damages in an amount equal to the wages unlawfully unpaid and

24  interest thereon pursuant to Labor Code §1194.2;

25    4.    For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

26    5.    For such other and further relief as the Court deems proper.

27  //

28

- 18 -

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT A
- 34 -

**On the Second Cause of Action**

1.    For one (1) hour of premium pay for each day in which a required meal period was not provided; and

2.    For such other and further relief as the Court deems proper.

**On the Third Cause of Action**

1.    For one (1) hour of premium pay for each day in which a required rest period was not provided; and

2.    For such other and further relief as the Court deems proper.

**On the Fourth Cause of Action**

1.    For statutory penalties pursuant to Labor Code §201-204; 2698, et. seq.; and

2.    For such other and further relief as the Court deems proper.

**On the Fifth Cause of Action**

1.    For statutory penalties pursuant to Labor Code §226

2.    For such other and further relief as the Court deems proper.

**On the Sixth Cause of Action**

1.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay minimum wages over the last four (4) years in an amount according to proof;

2.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failure to pay premium wages for meal and/or rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3.    For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under Labor Code §1194;

- 19 -

FIRST AMENDED CLASS ACTION COMPLAINT

1    5.    For costs of suit incurred herein that Plaintiff and Class Members are entitled to

2  recover under Labor Code §1194; and

3    6.    For such other and further relief as the Court deems proper.

4                          On the Seventh Cause of Action

5    1.    For statutory penalties pursuant to Labor Code §201-204; 2698, et. seq.; and

6    2.    For such other and further relief as the Court deems proper.

7

8                          **DEMAND FOR JURY TRIAL**

9  1.    Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

10

11  Dated:  March 28, 2012             JAMES R. HAWKINS, APLC

12

13                                     /s/ Gregory Mauro
14                                     James Hawkins, Esq.
                                       Gregory Mauro, Esq.
15                                     Attorneys for Plaintiff JAMES R. RUDSELL

16

17

18

19

20

21

22

23

24

25

26

27

28

- 20 -

FIRST AMENDED CLASS ACTION COMPLAINT

# EXHIBIT 1



STATE OF CALIFORNIA
**Labor & Workforce Development Agency**

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

**CERTIFIED MAIL**

February 06, 2012

James Hawkins, APLC
9880 Research Drive, Suite 200
Irvine, CA 92618

RE: Employer:   Swift Transportation Services, LLC; et al.
RE: Employee(s): James Rudsell
RE: LWDA No: 9746

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked January 11, 2012, and after review,
does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "...civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code." Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

*Doug Hoffner*

Doug Hoffner
Undersecretary

Cc:  Swift Transportation Services, LLC; et al.
     2200 South 75th Avenue
     Phoenix, AZ 85043

800 Capitol Mall, Suite 5000 • Sacramento, California 95814 • TEL (916) 653-9900 • FAX (916) 653-6913 • www.labor.ca.gov

EXHIBIT A
- 38 -

# JAMES *R.* HAWKINS

### A PROFESSIONAL LAW CORPORATION
9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200; FACSIMILE (949) 387-6676

January 9, 2012

**Via Certified Mail**

Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

SWIFT TRANSPORTATION SERVICES, LLC
2200 South 75th Avenue
Phoenix, AZ 85043

SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC
2200 South 75th Avenue
Phoenix, AZ 85043

Re:   NOTICE PURSUANT TO LABOR CODE SECTIONS 2698, et seq.

To Whom It May Concern:

PLEASE TAKE NOTICE that Plaintiff, James D. Rudsell, on behalf of himself and all others similarly situated give NOTICE to commence and/or amend a civil action pursuant to Labor Code Sections 2698, et seq. Plaintiff hereby gives written notice by certified mail to the Labor and Workforce Development Agency, and SWIFT TRANSPORTATION SERVICES, LLC and SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC.

Plaintiff hereby attaches a copy of the Complaint as though fully set forth herewith, setting out the specific provisions of the Labor Codes Plaintiff alleges have been violated including the facts and his/her theories. All labor provisions alleged violated in the Complaint PERTAIN TO ALL ENTITIES AND INDIVIDUALS NAMED IN THE COMPLAINT; even if not specifically specified.

Please advise within thirty (30) days of the post mark on this letter if the LWDA intends to investigate these claims. Thank you.

If you have any questions, please do not hesitate to contact me.

Very Truly Yours,

James D. Hawkins

EXHIBIT A

- 39 -

**BY FAX**

**SUMMONS**
(CITATION JUDICIAL)

SUM-100

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
Swift Transportation Company of Arizona, LLC & DELAWARE corporation and DOES 1 through 50, INCLUSIVE

JAMES R. RUDSELL, on behalf of himself and all others similarly situated

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
James R. Rudsell on behalf of himself and all others similarly situated

SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, A DELAWARE corporation, and DOES 1 through 50 inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 0 2012

By _____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE! The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
San Bernardino Superior Court of California
303 W. 3rd St.
347 N. Arrowhead Ave., San Bernardino, CA 92415  92401

CASE NUMBER:
(Número del Caso):
CIVDS 1200255

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
James Hawkins, APLC, 9880 Research Drive, Suite 200, Irvine, CA 92681; Tel: 949-387-7200

DATE: JAN 1 0 2012        Clerk, by  JACQUELYN A. HOLMES        , Deputy
(Fecha)                   (Secretario)                           (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

SUMMONS

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

Page 1 of 1

EXHIBIT A
- 40 -



1   JAMES R. HAWKINS, APLC
    James R. Hawkins, Esq. SBN 192925
2   Gregory E. Mauro, Esq. SBN 222239
    9880 Research Drive, Suite 200
3   Irvine, CA 92618
    TEL: (949) 387-7200
4   FAX: (949) 387-6676

5

6   Attorneys for Plaintiff, JAMES R. RUDSELL, on behalf of
    himself and all others similarly situated

7

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SAN BERNARDINO

11  JAMES R. RUDSELL, on behalf of
12  himself and all others similarly situated

13          Plaintiffs,

14

15  vs.

16  SWIFT TRANSPORTATION
17  COMPANY OF ARIZONA, LLC, a
    DELAWARE Corporation, and DOES 1
18  through 50, inclusive,

19

20          Defendants.

21

22

23

24

25

26

27

28

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
JAN 1 0 2012
By _____
                  Deputy

BY FAX

CASE NO.  CIVDS 1200255
ASSIGNED FOR ALL PURPOSES TO:

CLASS ACTION COMPLAINT

1)  Failure to Pay Minimum Wages

2)  Failure to Provide Meal Periods or
    Compensation in Lieu Thereof

3)  Failure to Provide Rest Periods or
    Compensation in Lieu Thereof

4)  Failure to Timely Pay Wages

5)  Failure to Provide Accurate Employee
    Itemized Wage Statements

6)  Violations of the California Unfair
    Competition Laws

JURY TRIAL DEMANDED

- 1 -

CLASS ACTION COMPLAINT

Plaintiff, JAMES R. RUDSELL, on behalf of himself and all others similarly situated, complain of Defendants, and each of them, and for causes of action alleges:

## I.

## INTRODUCTION

1.    This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of Plaintiff and all California non-exempt truck driver employees employed by SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC and any subsidiaries or affiliated companies (hereinafter "SWIFT" or "Defendants"), within the State of California.

2.    For at least four years prior to the filing of this action and through to the present ("liability period"), Defendants consistently maintained and enforced against SWIFT Non-Exempt Truck Drivers, among others, the following unlawful practices and policies, in violation of California state wage and hour laws: a) failing to pay minimum wages; b); failing to provide meal and rest periods and c) failing to provide accurate itemized wage statements.

3.    During the statutory liability period and continuing to the present (rest and meal period liability period), Defendants have had a consistent policy of failing to provide SWIFT Non-Exempt Truck Drivers within the State of California, and while performing work within California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

4.    During the statutory liability period and continuing to the present (rest and meal period liability period), Defendants have had a consistent policy of requiring SWIFT Non-Exempt Truck Drivers within the State of California, while performing work within California, including Plaintiff, to work at least five (5) hours without a meal period and/or work in excess of ten hours per day without being provided a second meal period, and failing to pay such employees a one (1) hour wage at the employees regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

-2-

CLASS ACTION COMPLAINT

5.   Plaintiff on behalf of himself and all Class Members brings this action pursuant to Labor Code sections 201, 202, 204, 218.6, 226, 226.7, 512, 558, 1194, 1197, 2698, et. seq., Industrial Wage Order 9, and Cal Code Regs. Title 8, § 11090, seeking unpaid minimum wages, unpaid rest and meal period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

6.   Plaintiff, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief and restitution of all benefits Defendants enjoyed from their failure to pay all minimum wages and rest and meal period premiums.

## II.

## JURISDICTION AND VENUE

7.   This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts. The statutes under which this action is brought do not give jurisdiction to any other court. Venue as to each Defendant is proper in this judicial district pursuant to Code of Civil Procedure section 395. On information and belief, Defendants operate SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC ( hereinafter SWIFT), a Delaware Corporation, doing business in the City of Fontana, County of San Bernardino and each Defendant is within the jurisdiction of this Court for service of process purposes.

8.   The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within San Bernardino County. On information and belief, Defendants employ numerous Class Members throughout California. All of the claims Plaintiff asserts for himself and for the Class he seeks to represent relate exclusively to hours of work performed solely within the State of California. None of the claims Plaintiff asserts for himself or for the Class he seeks to represent relate to hours of work performed outside of the State of California.

9.   This Court has jurisdiction over Defendants because, upon information and belief

- 3 -

CLASS ACTION COMPLAINT

1    each Defendant is either a resident of California; has sufficient minimum contacts in California,

2    or otherwise intentionally avails itself of the California market so as to render the exercise of

3    jurisdiction over it by the California Courts consistent with traditional notions of fair play and

4    substantial justice.

## III.

## PARTIES

7        10.    Plaintiff JAMES R. RUDSELL is a resident of Hesperia, California.  At all

8    relevant times herein, he has been employed by Defendants as a driver of SWIFT in the City of

9    Fontana, County of San Bernardino, California and has been employed by SWIFT since

10   approximately June 13, 2011, in a non-exempt capacity during the liability periods.

11       11.    On information and belief, SWIFT TRANSPORTATION COMPANY OF

12   ARIZONA, LLC, engaged in the ownership and operation of a trucking and logistics company in

13   San Bernardino County and throughout California. Plaintiff is informed and believes, and

14   thereon alleges, that at all relevant times mentioned herein, Defendants are organized and

15   existing under the laws of California, and were at all times mentioned herein licensed and

16   qualified to do business in California.   On information and belief, Plaintiff alleges that at all

17   relevant times referenced herein Defendants did and continue to transact business throughout

18   California.

19

20       12.    Whenever in this complaint reference is made to any act, deed, or conduct of

21   Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or

22   through one or more of its officers, directors, agents, employees, or representatives, who was

23   actively engaged in the management, direction, control, or transaction of the ordinary business

24   and affairs of Defendants.

25       13.    The true names and capacities of Defendants, whether individual, corporate,

26   associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to

27   Plaintiff, who therefore sues Defendants by such fictitious names.  Plaintiff is informed and

28   believes, and based thereon alleges that each of the Defendants designated herein as a DOE is

-4-

CLASS ACTION COMPLAINT

1  legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek

2  leave of court to amend this Complaint to reflect the true names and capacities of the Defendants

3  designated hereinafter as DOES when such identities become known.

4      14.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

5  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a

6  joint scheme, business plan or policy in all respects pertinent hereto, and the acts of

7  each Defendant are legally attributable to the other Defendants.

8                                    III.

9                          FACTUAL BACKGROUND

10     15.    Defendants operate and, at all times during the liability period, have conducted

11  business in the City of Fontana, County of San Bernardino and elsewhere within California as a

12  trucking and logistics business.  At all times set forth herein, Defendants employed Plaintiff and

13  other persons in the capacity of truck drivers or equivalent positions with similar job duties,

14  however titled, throughout the state of California.

15     16.    Defendants employed Plaintiff as a truck driver between June 13, 2011 to the

16  present.  In that capacity, Plaintiff's duties included driving to client locations making pick-ups

17  and deliveries.

18     17.    Defendants continue to employ truck drivers, or individuals in equivalent

19  positions with similar job duties, however titled, throughout the state of California.

20

21     18.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and

22  were advised by skilled lawyers and other professionals, employees, and advisors with

23  knowledge of the requirements of California's wage and employment laws.

24     19.    During the relevant time frame, Defendants compensated Plaintiff and Class

25  Members based solely on piece rate (cents per mile) that did not always equate to minimum

26  wage for all hours worked.

27     20.    During the relevant time period, Plaintiff and Class Members were required to

28  attend three days of orientation all without payment of minimum wages as required under

                                    - 5 -

                          CLASS ACTION COMPLAINT

California law.

21.     During the relevant time period, Plaintiff and Class Members were regularly required to work without being minimum wage waiting for loads and unloads, all without payment of minimum wage, as required by California law.

22.     During the relevant time frame, wages earned were paid weekly, but not within seven (7) days of the pay period end date.

23.     During the relevant time frame, Plaintiff and Class Members were systematically denied meal periods and rest breaks due to the demands of Defendants and Defendants' clients. Nevertheless, Defendants never paid Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as required by California law where meal periods and rest breaks were not provided.  Defendants failed to track hours worked or meal period start/end times in violation of the applicable wage order.

24.     Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive minimum wages for all worked and premium wages under Labor Code §226.7, but were not receiving such compensation.

25.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members minimum wages, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so, and falsely represented to Plaintiff and Class Members that they were properly denied wages, all in order to increase Defendants' profits.

### IV.

### CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action and thus, seeks class certification under California Code of Civil Procedure §382.

27.     Plaintiff seeks to represent a Class composed of and defined as follows:

- 6 -

CLASS ACTION COMPLAINT

(a) All of Defendant's California based drivers who are employed or have been employed by Defendants in the State of California during the relevant time period who have performed work within California within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

28. Plaintiff also seeks to represent Subclasses composed of and defined as follows:

(a) All of Defendant's California based drivers who are employed or have been employed by Defendants in the State of California during the relevant time period who, have not been minimum wage for all hours worked within California during the liability period.

(b) All of Defendant's California based drivers who are employed or have been employed by Defendants in the State of California during the relevant time period who, while performing work within California, have not been provided a rest period for every four hours or major fraction thereof worked per day and were not provided a premium wage in lieu thereof.

(c) All of Defendant's California based drivers who are employed or have been employed by Defendants in the State of California during the relevant time period who, while performing work within California, have not been provided a meal period for every five and/or ten hours worked per day and were not provided a premium wage in lieu thereof.

(d) All of Defendant's California based drivers who are employed or have been employed by Defendants in the State of California during the relevant time period who were not timely paid wages in accordance with the timing requirements of Labor Code §204.

29. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

30. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there are questions of law or fact common to class members that predominate over any questions affecting only individual members, and that a class action is superior to other available methods.

- 7 -

CLASS ACTION COMPLAINT

**A. Numerosity**

31.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, as many as several hundred employees, many within the State of California, in positions as SWIFT Non-Exempt drivers in San Bernardino County and disbursed throughout California during the liability period and who are or have been affected by Defendants' unlawful practices as alleged herein.

32.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Upon information and belief, Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B. Commonality**

33.     There are questions of law and fact common to the Class and Subclasses predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

i.       Whether Defendants failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

ii.      Whether Defendants violated Labor Code sections 226.7, 512, Wage Order 9-2001, or other applicable IWC Wage Orders, and Cal. Code Regs. Title 8, § 11090, by failing to provide daily rest periods to Non-Exempt drivers for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

iii.     Whether Defendants violated Labor Code sections 226.7, 512 and IWC Wage Order 9-2001 or other applicable IWC Wage Orders, and Cal Code Regs. Title 8, § 11090 by failing to provide a meal period to Non-Exempt truck drivers on days they worked work periods in excess of five hours and failing to compensate said employees one hour wages in lieu of meal periods;

- 8 -

CLASS ACTION COMPLAINT

iv.    Whether Defendants violated sections 204 of the Labor Code by failing to pay wages in accordance with the timing requirements.

v.    Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code by failing to pay minimum wages, failing to provide rest and meal periods without compensating non-exempt employees one hour pay for every day such periods were not provided;

vi.    Whether Defendants violated Business and Professions Code and Labor Code sections 201, 202, 204, 218.6, 226, 226.7, 512, 558, 1194, 1197, 2698, et. seq., and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy;

vii.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code section 17200, et. seq.;

viii.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code sections 1194 and 1197;

ix.    Whether Plaintiff and Members of the Plaintiff Class are entitled to penalties pursuant to Labor Code section 226 et. seq. for failing to provide accurate itemized wage statements; and

x.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief pursuant to Labor Code §2698, et. seq. in the form of penalties for failure to pay minimum wages, provide meal and rest periods, pay wages due and owing upon separation and providing accurate itemized wage statements.

C. Typicality

34.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

-9-

CLASS ACTION COMPLAINT

**D. Adequacy of Representation**

35.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E. Superiority of Class Action**

36.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class Members for all wages earned, engaging in the unlawful practices herein complained of, and denying Class Members rest and meal periods without legal compensation.

37.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**V.**

**CAUSES OF ACTION**

**First Cause of Action**

*Failure to Pay Minimum Wage*

(Lab. Code, §§ 1194, 1197, IWC Wage Order 9)

(Against All Defendants)

38.    Plaintiff incorporates paragraphs 1 through 37 as though fully set forth herein.

39.    On information and belief and based on that information and belief, Defendant compensated its non-exempt employees on a piece rate basis, i.e. per mile.

40.    On information and belief, Defendants failed to pay its non-exempt employees minimum wage for hours worked when it required Plaintiff and Members of the Class, under the control of Defendants, to wait for the loading and unloading of cargo

- 10 -

CLASS ACTION COMPLAINT

1   or goods from or into their trucks, otherwise known as detention time.

2       41.   On information and belief, Defendants required Plaintiff and Members of the

3   Class to attend mandatory orientation without pay of minimum wage.

4       42.   On information and belief, this controlled time was not compensated time.

5       43.   On information and belief, Defendants willfully violated the provisions of the

6   Labor Code, among others, §§1194, 1197 and IWC Wage Order 9.

7       44.   As a result of the unlawful acts of Defendants, Plaintiff and the Class he

8   seeks to represent have been deprived of minimum wages in amounts to be determined at trial,

9   and are entitled to recovery of such amounts, plus interest and statutory penalties

10   thereon, attorneys' fees, and costs, pursuant to Labor Code sections 558, 1194, 1197 and IWC

11   Wage Order 9.

12       45.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

13   described herein and below.

14                    <u>Second Cause of Action</u>

15                *Failure to Provide Meal Periods or*

16                  *Compensation In Lieu Thereof*

17            (Lab. Code, §§226.7, 512, IWC Wage Order 9)

18                    <u>(Against all Defendants)</u>

19       46.   Plaintiff incorporates paragraphs 1 through 45 as though fully set forth herein.

20       47.   Pursuant to Labor Code §512, no employer shall employ an employee for a work

21   period of more than five (5) hours without providing a meal break of not less than thirty (30)

22   minutes in which the employee is relieved of all of his or her duties.  An employer may not

23   employ an employee for a work period of more than ten (10) hours per day without providing the

24   employee with a second meal period of not less than thirty (30) minutes, except that if the total

25   hours worked is no more than twelve (12) hours, the second meal period may be waived by

26   mutual consent of the employer and the employee only if the first meal period was not waived.

27       48.   Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members'

28

                            - 11 -

                    CLASS ACTION COMPLAINT

employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period. Plaintiff and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff and Class Members are prevented from being relieved of all duties. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with meal periods and were not relieved of all duties during any meal periods Plaintiff and Class Members did take.

49.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, in their roles as Non-Exempt drivers, or equivalent positions with similar job duties, however titled, first and sometimes second meal breaks of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants. In addition, Defendants failed to record meal periods for Plaintiff and Class Members in accordance with the applicable IWC wage order. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

50.    Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided.

### Third Cause of Action

*Failure to Provide Rest Periods or*

*Compensation in Lieu Thereof*

(Lab. Code, §§226.7, 512, IWC Wage Order 9)

(Against all Defendants)

51.    Plaintiff incorporates paragraphs 1 through 50 as though fully set forth herein.

52.    Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members'

- 12 -

CLASS ACTION COMPLAINT

1  employment by Defendants, "Every employer shall authorize and permit all employees to take
2  rest periods, which insofar as practicable shall be in the middle of each work period.... [The]
3  authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)
4  minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest
5  period time shall be counted as hours worked, for which there shall be no deduction from
6  wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work
7  during any rest period mandated by an applicable order of the IWC. Defendants were required to
8  authorize and permit employees such as Plaintiff and Class Members to take rest periods, based
9  upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major
10 fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage
11 orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants
12 failed and refused to authorize and permit Plaintiff and Class Members, in their roles as Non-
13 Exempt Drivers, or equivalent positions with similar job duties, however titled, to take ten (10)
14 minute rest periods for every four (4) hours worked, or major fraction thereof.
15      53.   For the four (4) years preceding the filing of this lawsuit, Defendants failed to
16 provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders
17 applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code
18 §226.7. As a proximate result of the aforementioned violations, Plaintiff and Class Members
19 have been damaged in an amount according to proof at time of trial.
20      54.   Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to
21 recover one (1) hour of premium pay for each day in which a rest period was not provided.
22
23 //
24 //
25 //
26 //
27 //
28

- 13 -

CLASS ACTION COMPLAINT

**Fourth Cause of Action**

*Knowing and Intentional Failure to Comply With Itemized Employee*

*Wage Statement Provisions*

(Lab. Code §§226(b), 1174, 1175)

(Against All Defendants)

55.   Plaintiff incorporates paragraphs 1 through 54 as though fully set forth herein.

56.   Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed class. On information and belief, Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiff and members of the proposed class.

57.   IWC Wage Order 9 requires Defendant to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the members of the proposed class. On information and belief, Defendants have failed to record all or some of the items delineated in Wage Order 9 and 226.

58.   Pursuant Labor Code §226, Plaintiff and Class Members are entitled up to a maximum of $4,000.00 each for record-keeping violations.

59.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein below.

**Fifth Cause of Action**

*Waiting Time Subclass*

(Bus. & Prof. Code; § 201-202, 204)

(Against All Defendants)

60.   Plaintiff incorporates paragraphs 1 through 59 as though fully set forth herein.

-14-

CLASS ACTION COMPLAINT

EXHIBIT A

61.   California Labor Code §204 requires that wages earned be paid within certain timeframes, including:

> Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. ....(d) The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

62.   During the relevant time frame, Defendants failed to pay Plaintiff and Class Members in accordance with the requirements of Labor Code §204 by issuing wage payments less frequently than seven days after the pay period end.

63.   As a result, Defendants are liable to Plaintiff and members of the Waiting Time Subclass for waiting time penalties pursuant to Labor Code §2698, et. seq., in an amount according to proof at the time of trial.

### Sixth Cause of Action

#### Violation of Unfair Competition Law

#### (Bus. & Prof. Code. § 17200, et seq.)

#### (Against All Defendants)

64.   Plaintiff incorporates paragraphs 1 through 63 as though fully set forth herein.

65.   On information and belief, by their policy of:

i.      failing to provide daily rest periods to Non-Exempt Drivers for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

ii.     failing to pay minimum wages;

iii.    failing to provide a meal period to Non-Exempt Drivers on days they worked work periods in excess of five hours, and/or work in excess of ten hours per day without being provided a second meal period, or compensation in lieu thereof; and

- 15 -

CLASS ACTION COMPLAINT

iv.    failing to timely pay wages;

Defendants engaged in unlawful activity prohibited by Business and Professions Code §17200 et seq.

66.    The actions of Defendants as alleged within this Complaint, constitute false, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code section 17200, et. seq.

67.    Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

68.    As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff, and the Class Members, Defendants should be enjoined from this activity. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the Plaintiff Class are prejudiced by Defendants' unfair trade practices.

69.    As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief.

70.    The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to require employees to work during meal periods, will continue to fail to provide rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

71.    Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendants from requiring Plaintiff and the Class he seeks to represent to reimburse Defendants for the allegations contained herein and which may later be discovered in the course of litigation.

- 16 -

CLASS ACTION COMPLAINT

72.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

#### Class Certification

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class;

3.     That Plaintiff be appointed as the representative of the Subclasses; and.

4.     That counsel for Plaintiff be appointed as counsel for the Class and Subclass.

#### On the First Cause of Action

1.     For compensatory damages in an amount equal to the amount of unpaid minimum wage compensation owed to Plaintiff and Class Members;

2.     For pre-judgment interest on any unpaid minimum wage compensation due from the day that such amounts were due;

3.     For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §1194.2;

4.     For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

5.     For such other and further relief as the Court deems proper.

#### On the Second Cause of Action

1.     For one (1) hour of premium pay for each day in which a required meal period was not provided; and

2.     For such other and further relief as the Court deems proper.

#### On the Third Cause of Action

1.     For one (1) hour of premium pay for each day in which a required rest period was not provided; and

2.     For such other and further relief as the Court deems proper.

- 17 -

CLASS ACTION COMPLAINT

**On the Fourth Cause of Action**

1.   For statutory penalties pursuant to Labor Code §201-204; 2698, et. seq.; and

2.   For such other and further relief as the Court deems proper.

**On the Fifth Cause of Action**

1.   For statutory penalties pursuant to Labor Code §226

2.   For such other and further relief as the Court deems proper..

**On the Sixth Cause of Action**

1.   That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay minimum wages over the last four (4) years in an amount according to proof;

2.   That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failure to pay premium wages for meal and/or rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3.   For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4.   For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under Labor Code §1194;

5.   For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under Labor Code §1194; and

6.   For such other and further relief as the Court deems proper.

//
//
//
//
//
//
//

- 18 -

CLASS ACTION COMPLAINT



**DEMAND FOR JURY TRIAL**

1.   Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated:   January 9, 2012                    JAMES R. HAWKINS, APLC

James Hawkins, Esq.
Gregory Mauro, Esq.
Attorneys for Plaintiff JAMES R. RUDSELL

- 19 -

**BY FAX**

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Gregory Mauro, SBN 222339<br>JAMES HAWKINS, APLC<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618 | FOR COURT USE ONLY |
| TELEPHONE NO.: 949-387-7200        FAX NO.: | **F I L E D**<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT |
| ATTORNEY FOR (Name): James Rudsell | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino | **JAN 1 0 2012** |
| STREET ADDRESS: 351 North Arrowhead Avenue 303 W. 3rd st ~~GE~~ | |
| MAILING ADDRESS: | by ~~Jacquelyn A. Heim~~ |
| CITY AND ZIP CODE: San Bernardino, 92415 92401 | Deputy |
| BRANCH NAME: San Bernardino | |

| CASE NAME:<br>Rudsell v. SWIFT TRANSPORTATION COMPANY OF ARIZONA, L | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>CIVDS 1200255 |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000) $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 6
5. This case [✓] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 9, 2011
Gregory Mauro
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | Page 1 of 2 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**BY FAX**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

JAMES R. RUDSELL

vs.

SWIFT TRANSPORTATION COMPANY OF ARIZON

Case No.

CIVDS T200255

CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the   SAN BERNARDINO
District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ 1 | Adoption | Petitioner resides within the district. |
| ☐ 2 | Conservator | Petitioner or conservatee resides within the district. |
| ☐ 3 | Contract | Performance in the district is expressly provided for. |
| ☐ 4 | Equity | The cause of action arose within the district. |
| ☐ 5 | Eminent Domain | The property is located within the district. |
| ☐ 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 9 | Mandate | The defendant functions wholly within the district. |
| ☐ 10 | Name Change | The petitioner resides within the district. |
| ☐ 11 | Personal Injury | The injury occurred within the district. |
| ☐ 12 | Personal Property | The property is located within the district. |
| ☐ 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ 14 | Prohibition | The defendant functions wholly within the district. |
| ☐ 15 | Review | The defendant functions wholly within the district. |
| ☐ 16 | Title to Real Property | The property is located within the district. |
| ☐ 17 | Transferred Action | The lower court is located within the district. |
| ☐ 18 | Unlawful Detainer | The property is located within the district. |
| ☐ 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ 20 | Other  Employment | Defendant's Place of Business where alleged acts occurred |
| ☐ 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Siwft Transportation Company;                    9951 Banana Ave
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)          ADDRESS

Fontana                                    CA            92335
(CITY)                                      (STATE)        (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

Gregory Mauro                          at   Irvine                          , California.

Signature of Attorney/Party

13-1 LJ02-303 Rev. 10/94                                              SB-16303

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| James R. Hawkins APLC<br>9880 Research Dr Ste 200 | (949) 387-7200 | **FILED**<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>**APR 1 1 2012** |
| Irvine             CA            92618 | | |
| ATTORNEY FOR (Name) Plaintiff | | |

Name of Court and Name of Judicial District and Branch Court if any:
SAN BERNARDINO COUNTY SUPERIOR COURT, SAN BERNARDINO DISTRICT

By _____ Deputy

SHORT TITLE OF CASE
RUDSELL v SWIFT TRANSPORTATION

Case Number:
CIVDS1200256

| 2308000 | (HEARING) Date | Time | Dept. | REFERENCE NO.<br>RUDSELL v SWIFT |
|---|---|---|---|---|

**PROOF OF SERVICE OF SUMMONS**

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   FIRST AMENDED CLASS ACTION COMPLAINT;
   CIVIL CASE COVER SHEET
   CERTIFICATE OF ASSIGNMENT
   YOU DON'T HAVE TO SUE/ADR INFORMATION PACKAGE W/BLANK STIPULATION

3. a. PARTY SERVED:   SWIFT TRANSPORTATION COMPANY as DOES 1

   National Registered Agents, Inc., Agent for Service
   b. PERSON SERVED: COBY PAGE, CORPORATE COUNSEL AUTHORIZED TO RECEIVE
   CAUCASIAN MALE 40YRS 6'1" 180LBS, BROWN HAIR

4. c. ADDRESS:   2200 S 75th Ave
   Phoenix          AZ          85043

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
   AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON     4/6/2012 AT  1:30:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
   SWIFT TRANSPORTATION COMPANY as DOES 1

   National Registered Agents, Inc., Agent for Service
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION :     CCP 474

   d. The fee for service was          $0.00

7a. Person Serving:  RUSSELL ALLEN        Out Of State Process     e. I am:

   (1)  X    not a registered California process server;
   (3)       registered California process server:
   b. DDS Legal Support             (i)
   2850 Bristol St
   Costa Mesa, Ca 92626             (i) Registration No:  Not A California
                                    (ii) County:   Registered Process Server
   c. (714) 662-5555

8. I declare under the penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.        Out Of State Process
   4/10/2012

   x ___Russell D Allen___
                    SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 (REV JAN 1 2007)          **PROOF OF SERVICE**          CRC 982(A)(23)

**BY FAX**

**EXHIBIT A**
**- 62 -**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)
JAMES R. HAWKINS SBN 192925
9880 Research Dr Ste 200

Irvine          CA          92618
ATTORNEY FOR (Name)   Plaintiff

TELEPHONE NO.
(949) 387-7200

FOR COURT USE ONLY
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 1 1 2012

By _____ Deputy

Insert name of Court name of Judicial District and Branch Court if any:
SAN BERNARDINO COUNTY SUPERIOR COURT, SAN BERNARDINO DISTRICT

SHORT TITLE OF CASE:
RUDSELL v SWIFT TRANSPORTATION

Case Number:
CIVDS1200265

| 2303923 | (HEARING) Date | Time | Dept |
| | | | |

Reference No.
2D1014710033

PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
SUMMONS & COMPLAINT; CERTIFICATE OF ASSIGNMENT
CIVIL CASE COVER SHEET
FIRST AMENDED CLASS ACTION COMPLAINT;
NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES NOTICE OF
CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE REGARDING
SERVICE OF SUMMONS AND COMPLAINT
YOU DON'T HAVE TO SUE/ADR INFORMATION PACKAGE W/BLANK STIPULATION

3. a. PARTY SERVED:   SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC a

DELAWARE Corporation
National Registered Agents, Agent for Service
   b. PERSON SERVED: PATRICIA IRVING, PERSON AUTHORIZED TO RECEIVE
CAUCASIAN FEMALE 55YRS 5'6" 140LBS. BLACK HAIR

4. c. ADDRESS:   2200 South 75th Ave
Phoenix          AZ          85043

5. I SERVED THE PARTY NAMED IN ITEM 2
   a. BY PERSONALLY DELIVERING THE COPIES
      ON    4/4/2012  AT   1:10:00 PM
6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
      SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC a
      DELAWARE Corporation
      National Registered Agents, Agent for Service

UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : OTHER-LIMITED LIABILITY COMPANY

d. The fee for service was      $134.90

7a. Person Serving:   RACHEL .E. ALLEN   Out Of State Process

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
4/10/2012                              Out Of State Process

e. I am:
(1)  X   not a registered California process server.
(3)      registered California process server.
(i)
(i) Registration No:  Not A California
(i) County:   Registered Process Server

_____
SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 (REV Jan 1 2007)

PROOF OF SERVICE

CRC 982(A)(23)

BY FAX

# EXHIBIT "B"

# EXHIBIT "B"

# COPY

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY - 2 2012

By _Stephen Skeng_
Deputy

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   JASON W. KEARNAGHAN, Cal. Bar No. 207707
3  jkearnaghan@sheppardmullin.com
   333 South Hope Street, 43rd Floor
4  Los Angeles, California 90071-1422
   Telephone:   213-620-1780
5  Facsimile:   213-620-1398

6  MATTHEW M. SONNE, Cal. Bar No. 239110
   msonne@sheppardmullin.com
7  650 Town Center Drive, 4th Floor
   Costa Mesa, California 92626-1993
8  Telephone:   714.513.5100
   Facsimile:   714.513.5130

9

   Attorneys for Defendants SWIFT
10 TRANSPORTATION COMPANY OF
   ARIZONA, LLC and SWIFT
11 TRANSPORTATION COMPANY

12

13        SUPERIOR COURT OF THE STATE OF CALIFORNIA

14             FOR THE COUNTY OF SAN BERNARDINO

15

16 JAMES R. RUDSELL, on behalf of          Case No. CIVDS 1200255
   himself and all others similarly situated
17                                          Assigned to Dept.: S35
             Plaintiffs,
18                                          DEFENDANTS' ANSWER TO
         v.                                 PLAINTIFFS' FIRST AMENDED
19                                          COMPLAINT
   SWIFT TRANSPORTATION COMPANY
20 OF ARIZONA, LLC, a DELAWARE              Complaint Filed: March 28, 2012
   Corporation, SWIFT                       Trial Date: None Set
21 TRANSPORTATION COMPANY as
   DOES 1; and DOES 1 through 50,
22 inclusive,

23           Defendants.

24

25

26

27

28

                              -1-
SMRH:404976031.1              ANSWER TO FIRST AMENDED COMPLAINT

## EXHIBIT B
## - 65 -

1     **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2

3         Defendants Swift Transportation Co., Inc. and Swift Transportation Co. of

4 Arizona, LLC ("Defendants"), for themselves alone and for no others, hereby answer the

5 First Amended Complaint ("FAC") of Plaintiff James R. Rudsell ("Plaintiff") as follows:

6

7                     **GENERAL DENIAL**

8         Pursuant to the provisions of Section 431.30(d) of the California Code of

9 Civil Procedure, Defendants, and each of them, deny generally and specifically each and

10 every cause of action and purported allegation and cause of action set forth in the FAC,

11 and further deny that Plaintiff was damaged in the sum alleged or sums alleged or in any

12 sum or at all.

13

14                 **AFFIRMATIVE DEFENSES**

15            **FIRST AFFIRMATIVE DEFENSE**

16             (Failure to State a Cause of Action)

17       1.     The FAC, and each and every purported cause of action alleged

18 therein, fails to state facts sufficient to constitute a cause of action against Defendants.

19

20           **SECOND AFFIRMATIVE DEFENSE**

21         (Failure to Exhaust Administrative Remedies)

22       2.     Defendants are informed and believe, and based upon such

23 information and belief allege, that the FAC, and each and every purported cause of action

24 alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust his

25 administrative remedies, as Plaintiff failed to pursue his administrative remedies with the

26 California Division of Labor Standards Enforcement and/or the California Labor and

27 Workforce Development Agency.

28

SMRH:404976031.1                                  ANSWER TO FIRST AMENDED COMPLAINT

1 | California Division of Labor Standards Enforcement and/or the California Labor and

2 | Workforce Development Agency.

3 |

4 | **THIRD AFFIRMATIVE DEFENSE**

5 | (Primary Jurisdiction Doctrine)

6 |       3.    The FAC, and each and every purported cause of action alleged

7 | therein, should be abated in the Court's discretion and Plaintiff should be ordered to pursue

8 | his administrative remedies with the Division of Labor Standards Enforcement and/or

9 | Workforce Development Agency, which have primary jurisdiction over these claims.

10 |

11 | **FOURTH AFFIRMATIVE DEFENSE**

12 | (Non-Certifiable Class)

13 |       4.    Plaintiff cannot satisfy the requirements of California Code of Civil

14 | Procedure Section 382 because individual questions of fact and law predominate over

15 | common questions, Plaintiff's claims are not typical of those belonging to the putative

16 | class members, the class is not sufficiently numerous, and/or other class requirements

17 | cannot be satisfied. Accordingly, this action is not properly brought as a class action.

18 |

19 | **FIFTH AFFIRMATIVE DEFENSE**

20 | (No Common Issues)

21 |       5.    Defendants are informed and believe, and based upon such

22 | information and belief allege, that there is a lack of common issues of fact or law and,

23 | accordingly, this action is not properly brought as a class action.

24 |

25 |

26 |

27 |

28 |

SMRH:404976031.1                                       ANSWER TO FIRST AMENDED COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

(Inadequacy of Class Representative)

6.     Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff is not a proper representative of the class he purports to represent and, accordingly, this action is not properly brought as a class action.

## SEVENTH AFFIRMATIVE DEFENSE

(Lack of Typicality)

7.     Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's claims are not typical of the class he purports to represent and, accordingly, this action is not properly brought as a class action.

## EIGHTH AFFIRMATIVE DEFENSE

(Inadequacy of Plaintiff's Counsel)

8.     Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's counsel is not adequately familiar with the substantive and procedural law pertinent to class actions and, accordingly, this action is not properly brought as a class action.

-4-

SMRH:404976031.1                                              ANSWER TO FIRST AMENDED COMPLAINT

**NINTH AFFIRMATIVE DEFENSE**

(Lack of Numerosity)

9. Defendants are informed and believe, and based upon such information and belief allege, that the purported class is not sufficiently numerous and, accordingly, this action is not properly brought as a class action.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Superiority)

10. Defendants are informed and believe, and based upon such information and belief allege, that the class action procedure is not the superior method for adjudicating Plaintiff's claims or the claims of the alleged class and, accordingly, this action is not properly brought as a class action.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

11. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff lacks standing to assert any purported cause of action alleged is the FAC and lacks standing to represent the putative class.

SMRH:404976031.1                                    ANSWER TO FIRST AMENDED COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

12.     The FAC, and each and every purported cause of action alleged therein, is barred by the applicable statutes of limitations, including but not limited to, California Labor Code Section 203; California Code of Civil Procedure Sections 337, 338, 339, 340 and 343; and California Business & Professions Code Section 17208.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Laches)

13.     Defendants are informed and believe, and based upon such information and belief allege, that the FAC, and each and every purported cause of action alleged therein, is barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action because he did not act within a reasonable time in seeking the wages at issue, or otherwise reporting any alleged violation of wage and hour laws, and have unreasonably delayed in the filing of this lawsuit, causing Defendants to suffer prejudice.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

14.     Defendants are informed and believe, and based upon such information and belief allege, that the FAC, and each and every purported cause of action alleged therein, is barred by the doctrine of unclean hands, because of, among other things, misrepresentations made by Plaintiff, in that Plaintiff was expected to take meal and rest breaks and never informed Defendants that he was denied or forced to forego meal and rest breaks.

-6-

ANSWER TO FIRST AMENDED COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

15.    Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff has waived some or all of the purported causes of action alleged in the FAC by virtue of his prior representations, actions and inaction with respect to their meal and rest periods and/or the wages at issue.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

16.    Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff is estopped from bringing any cause of action by virtue of his prior representations, actions and inaction with respect to his meal and rest periods and/or the wages at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Performance of Duties)

17.    Defendants fully performed their statutory, contractual, and other duties, if any, to Plaintiff, who is therefore estopped to assert any claim against Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Authorization of Law)

18.    The FAC, and each and every purported cause of action alleged therein, is barred, in whole or in part, because any acts and omissions of Defendants were at all times legal and authorized by law.

-7-

SMRH:404976031.1

ANSWER TO FIRST AMENDED COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

### (Justification)

19.     Any acts alleged to have been committed by Defendants were committed in the exercise of good faith, with probable cause, were not arbitrary or capricious, were based upon legitimate factors, and were reasonable and justified under the circumstances.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Meal Periods Provided)

20.     Defendants provided Plaintiff the opportunity to take timely meal breaks during his employment with Defendants, and Defendants are not liable for unpaid wages, damages or penalties, or otherwise responsible, when Plaintiff voluntarily elected not to use the meal period opportunities provided to him.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Rest Periods Authorized and Permitted)

21.     Defendants authorized and permitted Plaintiff to take rest breaks at all times during his employment with Defendants, and Defendants are not liable for unpaid wages, damages or penalties, or otherwise responsible, when Plaintiff voluntarily elected not to use the rest period opportunities authorized and permitted by Defendants.

-8-

EXHIBIT B
- 72 -

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2                 (No Knowledge Of Off-The-Clock Hours)

3       22.    Defendants deny that Plaintiff was not properly paid for all hours

4 worked during his employment.  However, even assuming that Plaintiff did work off-the-

5 clock without being properly paid, Defendants did not wrongfully fail to pay the wages

6 because Defendants did not know, nor should have known, that Plaintiff worked the off-

7 the-clock hours.

8

9

## TWENTY-THIRD AFFIRMATIVE DEFENSE

10                       (Payment)

11       23.    The FAC, and each and every purported cause of action alleged

12 therein, is barred because Plaintiff has been paid all wages due and owed.

13

14

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

15               (Set-Off/Offset/Recoupment)

16       24.    The FAC, and each and every purported cause of action alleged

17 therein, is subject to setoff, offset and/or recoupment to the extent Plaintiff has already

18 been compensated for the hours worked for which he seeks compensation here.

19

20

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

21                (No Willful Failure to Pay)

22       25.    Assuming that Defendants failed to pay Plaintiff all wages,

23 Defendants cannot be held liable because any failure to pay was not willful.  At all times

24 relevant, Defendants acted in good faith, with honesty of purpose and without any willful

25 intention to withhold payment.  See Barnhill v. Robert Saunders & Co., 125 Cal. App. 3d 1

26 (1981); Bothell v. Phase Metrics, Inc., 299 F.3d 1120 (9th Cir. 2002).

27

28

-9-

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Penalties – Good Faith Dispute)

26.     Plaintiff cannot recover Labor Code Section 203 or Labor Code Section 226(e) civil penalties because any alleged failure to pay wages or provide compliant wage statements was based on a good faith dispute regarding the applicable law or facts.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Lack of Specificity)

27.     Plaintiff's cause of action claiming unfair competition in violation of California Business & Professions Code Sections 17200, et seq., is barred because it fails to plead specific facts capable of stating a cause of action for unfair competition.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Justification And Privilege)

28.     Defendants are not liable for any alleged violation of Business & Professions Code Sections 17200, et seq., because their actions, conduct and dealings with their employees were lawful, and were carried out in good faith and for legitimate business purposes.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(No Loss/Unjust Enrichment)

29.     Plaintiff has not suffered any loss and Defendants have not been unjustly enriched as a result of any action or inaction of Defendants or their agents. Hence, Plaintiff is not entitled to any restitution, as Plaintiff has been fully and properly compensated for all work performed for Defendants, was provided with meal breaks, and was authorized and permitted to take rest breaks.

-10-

ANSWER TO FIRST AMENDED COMPLAINT

### THIRTIETH AFFIRMATIVE DEFENSE

(Res Judicata, Bar and Merger, Settlement/Release)

30.     The causes of action set forth in the FAC and in each of the purported causes of action alleged therein are subject to settlement/release agreements, which constitute a complete or partial bar to the present action, and/or the doctrine of res judicata.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Collateral Estoppel)

31.     The FAC, and each and every purported cause of action alleged therein, is barred, in whole or in part by the doctrine of collateral estoppel.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Exemption)

32.     To the extent Plaintiff engaged in an employment relationship with Defendants, Plaintiff was properly classified as "exempt" under state and federal law, and the regulations interpreting the same.  Moreover, Plaintiff's claims for wages are barred by the Motor Carrier Act Exemption and/or the Federal Aviation Administration Authorization Act.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Civil Penalties Unconstitutional – Due Process and Separation of Powers)

33.     The PAGA penalties sought in Plaintiff's FAC violate the Due Process and Separation of Powers Clauses of the United States and California Constitutions.

-11-

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That the FAC be dismissed with prejudice in its entirety;

2.    That Plaintiff takes nothing by reason of the FAC;

3.    That Defendants, and each of them, be awarded their costs of suit and reasonable attorneys' fees to the extent provided by law; and,

4.    For such other and further relief as the Court may deem just and proper.

Dated: May 2, 2012

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

JASON W. KEARNAGHAN
MATTHEW M. SONNE

Attorneys for Defendants
SWIFT TRANSPORTATION CO., INC. and
SWIFT TRANSPORTATION CO. OF ARIZONA,
LLC

-12-

SMRH:404976031.1                                    ANSWER TO FIRST AMENDED COMPLAINT

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

*James R. Rudsell, et al. v. Swift Transportation Company of Arizona, LLC, et al.*
*San Bernardino Superior Court Case No. CIVDS 1200255*

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 650 Town Center Drive, 4th Floor, Costa Mesa, California 92626-1993.

On **May 2, 2012**, I served the following document(s) described **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

James R. Hawkins, Esq.            ***Attorney for Plaintiffs***
Gregory E. Mauro, Esq.
JAMES R. HAWKINS, APLC          Telephone:   (949) 387-7200
9880 Research Drive, Suite 200    Facsimile:   (949) 387-6676
Irvine, CA 92618                  E-mail:

☒   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 714.513.5130. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. A copy of that report is attached to this declaration.

☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above. The electronic notification address from which I served the documents(s) is

☒   **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **May 2, 2012**, at Costa Mesa, California.

Patricia McGraw

W02-WEST:3MMS1\404940758.1

EXHIBIT B
- 77 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV12- 692 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JAMES R. RUDSELL | SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, a DELAWARE Corporation, SWIFT TRANSPORTATION COMPANY |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| James R. Hawkins, Esq. <br> JAMES R. HAWKINS, APLC <br> 9880 Research Drive, Suite 200 <br> Irvine, CA 92618 <br> Telephone:(949) 387-7200; Facsimile:(949) 387-6676 | Matthew M. Sonne, Esq./Jason Kearnaghan, Esq. <br> SHEPPARD, MULLIN, RICHTER & HAMPTON LLP <br> 650 Town Center Drive, 4th Floor <br> Costa Mesa, California 92626-1993 <br> Telephone:714.513.5100 <br> Facsimile:714.513.5130 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. SECTIONS 1332(d), 1441, AND 1446 - Class Action Fairness Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 H1A(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

| FOR OFFICE USE ONLY: | Case Number: _____ . | EDCV12-00692 VAP (OPx) |
|---|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                CIVIL COVER SHEET                                Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☐ No ☒ Yes
If yes, list case number(s):   Case No.: ED-CV 10-00809 VAP(OPx).

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Arizona |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   _Matthew M. Loker_     Date  5-3-12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com