SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
JASON W. KEARNAGHAN, Cal. Bar No. 207707
jkearnaghan@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
MATTHEW M. SONNE, Cal. Bar No. 239110
msonne@sheppardmullin.com
TINA RAD, Cal. Bar No. 258849
trad@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, and SWIFT TRANSPORTATION COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. RUDSELL, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, a DELAWARE Corporation, SWIFT TRANSPORTATION COMPANY as DOES 1; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. EDCV 12-00692 VAP (OPx)<br>Hon. Virginia A. Phillips<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Request For Judicial Notice, Declaration of Matthew M. Sonne, and Proposed Order]<br><br>Date: April 22, 2013<br>Time: 2:00 p.m.<br>Dept: 2 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................ 3

II. RELEVANT FACTS AND PROCEDURAL HISTORY ................................ 3

    A. The Related *Burnell* Action ........................................................ 3

    B. The *Rudsell* Action ..................................................................... 4

III. LEGAL ARGUMENT ................................................................................... 6

    A. This Court Should Stay The Instant Case Because *Burnell* Completely Subsumes Plaintiff's Claims Here ......................... 6

    B. The Case Should Be Stayed On The Independent Basis That The Ninth Circuit Is Currently Reviewing A Critical Preemption Issue That Directly Applies To This Case .............................. 7

    C. Defendants Will Be Unfairly Burdened If A Stay Is Not Granted, But Plaintiff And The Represented Class Will Suffer No Prejudice ..................................................................................... 8

IV. CONCLUSION .............................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adam v. Jacobs*
    950 F.2d 89 (2d Cir. 1991) ........................................................................................6

*Campbell v. Vitran*
    2012 WL 2317233 (C.D. Cal. 2012) .......................................................... 1, 3, 7, 8

*Colo. River Water Conservation Dist. v. United States*
    424 U.S. 800 (1976) ..................................................................................................6

*Cronos Containers, Ltd. v. Amazon Lines, Ltd.*
    121 F. Supp. 2d 461 (D. Md. 2000) .........................................................................6

*Dilts v. Penske*
    819 F. Supp. 2d 1109 (S.D. Cal. 2011) ..................................................... 1, 3, 7, 8

*Ellison Framing, Inc. v. Zurich American Ins. Co.*
    805 F. Supp 2d 1006 (E.D. Cal. 2011) ....................................................................6

*Klein v. Superior Court*
    198 Cal. App. 3d 894 (1988) ....................................................................................8

**Statutes**

49 U.S.C. § 14501 *et seq.* ..............................................................................................7

# NOTICE OF MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 22, 2013 at 2:00 p.m. or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Virginia A. Phillips, United States District Court for the Central District of California – Eastern Division, located at 3470 Twelfth Street, Riverside, California, 95101, Defendants Swift Transportation Company of Arizona, LLC and Swift Transportation Company (collectively, "Defendants") will and hereby do move the Court to stay the action brought against them by named Plaintiff James R. Rudsell ("Rudsell" or "Plaintiff") pursuant to the Court's inherent authority to manage its docket in the interests of justice and efficiency. This motion is brought on the grounds that (1) a prior action that subsumes Plaintiff's causes of action, class definition, and class period was filed first and is currently pending against Defendants in this department in the matter entitled *John Burnell, et al. v. Swift Transportation Co. Inc., et al.*, United States District Court Case No. ED-CV 10-00809 VAP(OPx); and (2) the U.S. Court of Appeals for the Ninth Circuit will be resolving a critical issue in this case in the following two pending appeals: *Dilts v. Penske*, 819 F. Supp. 2d 1109 (S.D. Cal. 2011) (on appeal with the Ninth Circuit at No. 12-55705), and *Campbell v. Vitran*, 2012 WL 2317233 (C.D. Cal. June 8, 2012) (on appeal with the Ninth Circuit at No. 12-56250). No good cause exists not to stay this matter in its entirety.

This motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on March 8, 2013. *See* Declaration of Matthew M. Sonne, ¶ 4.

The motion is based on this Notice and the accompanying Memorandum of Points and Authorities, Defendants' Request for Judicial Notice,

-1-

SMRH:408128761.1                                                                               MOTION TO STAY ACTION

1  the Declaration of Matthew M. Sonne, and supporting exhibits thereto, any reply
2  papers as may be filed, the pleadings and records on file in this action, the argument
3  of counsel at the hearing, and other such matters as may be judicially noticed or
4  come before the Court at the hearing on this matter.

6  Dated: March 25, 2013

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Matthew M. Sonne*
    MATTHEW M. SONNE

Attorneys For Defendants
SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, and SWIFT TRANSPORTATION COMPANY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Because the instant action (all parties and all causes of action) is *completely subsumed by another case that has been pending in this department for nearly two years*, principles of equity and judicial economy mandate that this case be stayed pending resolution of that overlapping action.  Moreover, an additional basis exists for a stay:  a critical preemption issue that directly affects the viability of causes of action in this matter is currently being reviewed by the Ninth Circuit Court of Appeals in *Dilts v. Penske*, 819 F. Supp. 2d 1109 (S.D. Cal. 2011) (on appeal with the Ninth Circuit at No. 12-55705), and *Campbell v. Vitran*, 2012 WL 2317233 (C.D. Cal. June 8, 2012) (on appeal with the Ninth Circuit at No. 12-56250). Because Defendants will be unfairly burdened if they are forced to simultaneously defend two overlapping actions on different fronts without guidance from the Ninth Circuit on an important case issue -- and no prejudice will inure to Plaintiff or the putative class if a stay is granted in the interim -- principles of equity and judicial economy mandate that an immediate stay of this matter be granted in its entirety.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. The Related *Burnell* Action

Plaintiff John Burnell filed a putative class action against Defendants on March 22, 2010 on behalf of all current and former employee drivers employed by Defendants in California in the matter entitled *John Burnell, et al. v. Swift Transportation Co. Inc., et al.*, United States District Court Case No. ED-CV 10-00809 VAP(OPx) ("*Burnell*").  Burnell seeks to represent California-based drivers from March 22, 2006 to the present.  The *Burnell* case was assigned to this department and is currently pending before this court.  The First Amended Complaint in that case alleges eight causes of action against Defendants: (1) unpaid

minimum wage pursuant to Sections 204, 223, 1194, 1197 and 1198 of the California Labor Code, (2) failure to provide meal and rest periods pursuant to Sections 226.7 and 512 of the California Labor Code; (3) failure to indemnify and reimburse business expenses pursuant to Section 2802 of the California Labor Code; (4) failure to timely furnish accurate itemized wage statements pursuant to Section 226(a) of the California Labor Code; (5) unlawful payment instruments pursuant to Section 212(a) of the California Labor Code; (6) failure to timely pay all earned final wages pursuant to Section 203 of the California Labor Code; (7) unfair competition pursuant to Section 17200 of the California Business and Professions Code; and (8) civil penalties pursuant to Section 2698 of the California Labor Code.

Since the filing of the case in 2010, the parties in *Burnell* have been engaged in extensive discovery and law and motion practice. Pursuant to the operative briefing schedule currently in place, putative class discovery will close on April 25, 2013, and the parties are preparing to brief the class certification issue forthwith. Burnell's deadline to move for class certification is June 17, 2013, with the hearing set for August 19, 2013. *See* Sonne Decl. ¶ 3, Exh. 1. Defendants have produced hundreds of pages of documents and data to date in that case at a significant burden to the company. *See* Sonne Decl. ¶ 3.

### B. The *Rudsell* Action

The instant case (originally filed as San Bernardino County Superior Court Case No. CIVDS 1200255, but thereafter removed to this court) was filed on January 10, 2012 -- nearly two years after *Burnell*. Rudsell seeks to represent all California-based drivers in bringing putative class claims completely encompassed by *Burnell*, but because of the later filing date *he may only represent them from January 10, 2008 to the present*. When Defendants removed this case to district court, they immediately designated it as a "related case" on the Civil Case

Information Sheet and it was assigned to this department. *See* Dkt. 1, p. 81. On October 31, 2012, Defendants also filed a stand-alone "Notice of Related Case" advising the court of *Burnell*. *See* Dkt. 8. As demonstrated in the chart below, this case alleges identical causes of action as, and is entirely subsumed by, *Burnell*:

|  | ***Burnell*** | ***Rudsell*** |
|---|---|---|
| Claims | Failure to pay wages from March 22, 2006 until the present. (First cause of action). | Failure to pay wages from January 10, 2008 until the present. (First cause of action). |
|  | Failure to provide meal periods from March 22, 2006 until the present. (Second cause of action). | Failure to provide meal periods from January 10, 2008 until the present. (Second cause of action). |
|  | Failure to provide rest periods from March 22, 2006 to the present. (Second cause of action). | Failure to provide rest periods from January 10, 2008 to the present. (Third cause of action). |
|  | Wage statement penalties from March 22, 2009 to the present. (Fourth cause of action). | Wage statement penalties from January 10, 2011 to the present. (Fourth cause of action). |
|  | Waiting time penalties from March 22, 2007 to the present. (First and sixth causes of action). | Waiting time penalties from January 10, 2009 to the present. (Fifth cause of action). |
|  | Unfair competition from March 22, 2006 to the present. (Seventh cause of action). | Unfair competition from January 10, 2008 to the present. (Sixth cause of action). |
|  | Claims under the Private Attorneys' General Act ("PAGA") | Claims under the Private Attorneys' General Act |

| from March 22, 2009 to the present. (Eighth cause of action). | ("PAGA") from January 10, 2011 to the present. (Seventh cause of action). |
|---|---|

*Cf.* RJN, Exhs. 1 and 2. Unlike *Burnell*, which is very far along the procedural path to the hearing on class certification, the parties in this case just had their Rule 26 conference on February 11, 2013. Notably, when Defendants' counsel met and conferred with Plaintiff's counsel prior to the filing of the instant motion on March 8, 2013, Plaintiff had not served *any* written discovery or taken any depositions in this case. It was not until *after* Defendants made known their intention to file the instant motion that Plaintiff finally served document requests and interrogatories on March 11, 2013. Defendants have not served any discovery nor taken any depositions in this case to date. *See* Sonne Decl. ¶ 6.

## III. LEGAL ARGUMENT

### A. This Court Should Stay The Instant Case Because *Burnell* Completely Subsumes Plaintiff's Claims Here

This court has the inherent authority to stay proceedings because other actions are pending. *Ellison Framing, Inc. v. Zurich American Ins. Co.*, 805 F. Supp 2d 1006, 1012 (E.D. Cal. 2011); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between [duplicative suits]... the general principle is to avoid duplicative litigation."); *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 465 (D. Md. 2000) ("[A]s a general rule, the forum where an action is first filed has priority over the forum where a subsequent action arising out of the same nucleus of facts is filed"). Exercise of the court's inherent power also serves to protect defendants from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991). Thus, to protect against the possibility of inconsistent rulings and

the needless squandering of judicial resources, a court faced with a duplicative suit should stay or dismiss it.

Here, there is no question that (1) *Burnell* was filed nearly two years before the instant case; (2) the putative class description and time period in *Burnell* subsumes those of the instant case; and (3) *Burnell* is much further along in terms of discovery and preparations for the class certification hearing than is the instant case. Accordingly, principles of equity and efficiency dictate that that a stay issue until such time as *Burnell* is adjudicated.

### B. The Case Should Be Stayed On The Independent Basis That The Ninth Circuit Is Currently Reviewing A Critical Preemption Issue That Directly Applies To This Case

At the appropriate time in this case, the Court will be asked to adjudicate the question of whether the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501 *et seq.*, preempts California meal and rest period laws.  To date there exists no binding California state court authority on this issue, but various California district courts have wrestled with this question. The question is currently pending on appeal before the Ninth Circuit in *Dilts v. Penske*, 819 F. Supp. 2d 1109 (S.D. Cal. 2011) (on appeal with the Ninth Circuit at No. 12-55705), and *Campbell v. Vitran*, 2012 WL 2317233 (C.D. Cal. June 8, 2012) (on appeal with the Ninth Circuit at No. 12-56250).  *Dilts* has been fully briefed, and *Campbell* will be fully briefed by April 12, 2013.  *See* Sonne Decl. ¶ 7, Exhs. 7, 8.

Litigating Plaintiff's individual and representative meal and rest period claims before the Ninth Circuit issues this guidance is the antithesis of judicial economy and will result in an unnecessary expenditure of time and resources by both the litigants and the Court.  Specifically, the parties may engage in extensive

and extremely burdensome discovery regarding meal and rest periods that may be mooted entirely if the Ninth Circuit finds, and this Court agrees, that the FAAAA preempts Plaintiff's meal and rest period claims entirely.

More urgently, the guidance that will issue from the Ninth Circuit could substantially impact the outcome of Plaintiff's pending discovery requests. Meal and rest period records constitute a substantial portion of Plaintiff's already burdensome production requests. *See* Sonne Decl. ¶ 8. The requested stay will serve the interests of justice because it will simplify the issues and questions of law in this case and avoid unnecessary prejudice to Defendants.

### C. <u>Defendants Will Be Unfairly Burdened If A Stay Is Not Granted, But Plaintiff And The Represented Class Will Suffer No Prejudice</u>

"[I]t is unconscionable to force defendants to defend themselves simultaneously in two or more [similar] actions." *Klein v. Superior Court* 198 Cal. App. 3d 894, 905 (1988). Because *Burnell* subsumes the claims and class alleged in the instant action, it would be unfairly burdensome to require Defendants to defend both cases at the same time and expend duplicative and unnecessary resources on discovery/briefing. This is especially true now that Plaintiff has served putative class discovery and seeks potentially hundreds of thousands of pages of documents that stand to severely drain Defendants' resources, adversely impact Defendants' business operations, and result in extreme unfairness to Defendants if they are permitted to proceed. These burdens may be abated or entirely obviated by staying this action until *Burnell* is resolved. At the very least, these burdens may be decreased by awaiting the Ninth Circuit's decisions in *Dilts* and *Campbell*, which could lead this Court to at least eliminate meal and rest period issues from this lawsuit and from Plaintiff's discovery requests. Therefore, a stay is necessary to

-8-

avoid unfairness and irreparable disruption to Defendants' business, as well as an unnecessary depletion of judicial resources.

On the other hand, virtually no prejudice will inure to Plaintiff or the putative class members if the stay is granted. Indeed, if the Court stays this matter until *Burnell* is resolved, then all parties will experience less delay in a final resolution because they will be better able to avoid time-consuming appeals, requests for reconsideration, revisiting of discovery, or even retrying the case. Likewise, the stay will not cause Plaintiff to expend any additional resources in legal fees and costs, but rather, will save Plaintiff time and expense.

Finally, *Burnell* may end up providing complete and appropriate relief to Plaintiff in this case. If a class is certified in *Burnell*, Plaintiff -- who is a putative class member in *Burnell* -- could decide to either participate in that class action or "opt-out" in order to pursue his separate action. Plaintiff and the represented employees will not experience any prejudice if Plaintiff's claims are litigated, and relief is ultimately granted, in *Burnell*. Indeed, no cognizable reason justifies the simultaneous litigation of these two matters.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the instant case be stayed in its entirety until such time as *Burnell* is resolved and the Ninth Circuit issues its opinion in the *Dilts/Campbell* matters.

Dated: March 25, 2013

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Matthew M. Sonne*
MATTHEW M. SONNE

Attorneys For Defendants
SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, and SWIFT TRANSPORTATION COMPANY